GENNARO A. FILICE III (SBN: 061112)
gfilice@filicebrown.com
NICHOLAS D. KAYHAN (SBN: 129878)
nkayhan@filicebrown.com
RICHARD H. POULSON (SBN: 178479)
rpoulson@filicebrown.com
FILICE BROWN EASSA & McLEOD LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
Tel: (510) 444-3131
Fax: (510) 839-7940

MICHAEL L. BREM
mbrem@sdablaw.com
SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP
Pennzoil Place, North Tower
700 Milam St., 10th Floor
Houston, Texas 77002
Tel: (713) 221-2500
Fax: (713) 228-3510

Attorneys for Defendant
THE DOW CHEMICAL COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

CV09-0193 ODW (FFMx)

| | |
|---|---|
| JORGE ACOSTA CORTES; ANTONIO ACUNA AGÜERO; GERARDO ACUNA MURILLO; JAVIER RAMON AGUERO ARTAVIA; TEODORO AGUERO MORA; VICTOR HUGO AGUILAR CESPEDES; JOSE JOAQUIN AGUILAR MONTERO; OSCAR AGUILAR MORA; ALBINO AGUILAR SOLANO; JOSE SIMON AGUIRRE AGUIRRE; JOSE FRANCISCO AGUIRRE AGUIRRE; ALFONSO AGUIRRE VILLAGRA; SANTOS VIANNEY AGUIRRE ZUNIGA; CLEMENTE ALVARADO RIOS; ALCIDES ALVARADO ZAMORA; ANGEL JULIAN ALVAREZ AGUIRRE; ANTONIO ALVAREZ ALVAREZ; LUIS ANTONIO ALVAREZ ALVAREZ; JESUS ALVAREZ BUSTOS; SIGIFREDO ALVAREZ DIAZ; ROQUE ALVAREZ MORALES; HERNAN ALVAREZ ROSALES; GIOVANNI ALVAREZ RUIZ; VICTOR MANUEL ALVAREZ | CASE NO. <br><br> **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d), 1446, and 1453 (Class Action Fairness Act)** |

| | |
|---|---|
| 1 | VILLATORO; JOSE ELVIS ANGULO )
| | ANGULO; FERNANDO ARAGON )
| 2 | MIRANDA; SERGIO ARAGON )
| | MIRANDA; CRISTOBAL ALBERTO )
| 3 | ARAGON RUGAMA; MARVIN )
| | ARAYA ALVAREZ; JOSE ANGEL )
| 4 | ARAYA BOLANOS; CLAUDIO )
| | ARAYA HERNANDEZ; JUAN )
| 5 | ARAYA ORTEGA; BENEDICTO )
| | ARAYA ROJAS; JOSE DONALDO )
| 6 | ARCE BEJARANO; VICTOR JULIO )
| | ARCE QUESADA; ELIECER ARCE )
| 7 | RETANA; VICTOR ARGUEDAS )
| | MUNOZ; VIDAL ARIAS AVILA; )
| 8 | GILBERTO ARIAS MEZA; )
| | HERMINIO ARIAS PANIAGUA; )
| 9 | BIENVENIDO ARIAS SOLANO; )
| | EDUARDO ARIAS VILLALOBOS; )
| 10 | RAFAEL ANTONIO AVILA )
| | CAMBRONERO; HUGO AVILES )
| 11 | JUAREZ; RICARDO ALBERTO )
| | BALDELOMAR BALDELOMAR; )
| 12 | EDUARDO FAUSTO BALTODANO )
| | BALTODANO; VIRGILIO )
| 13 | BALTODANO DIAZ; MERIDO )
| | BALTODANO DIAZ; JOSE MARVIN )
| 14 | BALTODANO ZUNIGA; ALFONSO )
| | BARAHONA FONSECA; OLIVER )
| 15 | GERARDO BARAHONA FONSECA; )
| | HUGO BARBOZA FERNANDEZ; )
| 16 | AMALIO BARBOZA MENDOZA; )
| | JOSE FRANCISCO BARQUERO )
| 17 | BARQUERO; JESUS MARIA )
| | BARQUERO CAMPOS; CARLOS )
| 18 | LUIS BARQUERO PICADO; CARLOS )
| | LUIS BARRIOS BARRIOS; LUIS )
| 19 | ALVARO BENAVIDES ESQUIVEL; )
| | JOVEL BERROCAL CHINCHILLA; )
| 20 | GABRIEL BERROCAL JIMENEZ; )
| | FRANCISCO BOJORGE APU; )
| 21 | AGUSTIN BOLANOS MONTOYA; )
| | GERVASIO BOLANOS MONTOYA; )
| 22 | RIGOBERTO BOLIVAR SILES; )
| | RAFAEL BONILLA MADRIGAL; )
| 23 | SILVERIO BONILLA ZUNIGA; )
| | HERIBERTO BRAVO HERNANDEZ; )
| 24 | JOSE BRENES CISNEROS; JESUS )
| | FRANCISO BRENES CRUZ; )
| 25 | ALEJANDRO BRENES GUEVARA; )
| | EDWIN BRENES LEON; CESAR )
| 26 | AURELIO BRENES MARTINEZ; )
| | EDGAR BRENES MORA; )
| 27 | REMBERTO BRICENO MACOTELO; )
| | BENEDICTO BRIONES GARCIA; )
| 28 | JOSE LEON BRIONES RANGEL; )

1  JOSE GREGORIO BUZANO VEGA;        )
   JOSE LUIS CALDERON BARBOZA;       )
2  OLDEMAR CALDERON SOLANO;          )
   MELVIN CALVO VARGAS; RAFAEL       )
3  ANGEL CAMBRONERO GUERRERO;        )
   JOSE ALBERTO CAMPOS CAMPOS;       )
4  FRANCISCO CAMPOS ZUMBADO;         )
   RODOLFO CARBALLO                  )
5  BARRIENTOS; MARIANO               )
   CARBALLO VARGAS; JOSE LIDIER      )
6  CARDENAS GARCIA; JUAN PABLO       )
   CARRILLO CARRILLO; FELIX          )
7  CARRILLO MATARRITA; CAMILO        )
   CARRILLO                          )
8  MATARRITA; FRANCISCO              )
   CARRILLO OBREGON,                 )
9                                    )
            Plaintiffs,              )
10                                   )
   Vs.                               )
11                                   )
                                     )
12 DOLE FOOD COMPANY, INC.; DOLE )
   FRESH FRUIT COMPANY;              )
13 CHIQUITA BRANDS COMPANY,          )
   NORTH AMERICA; CHIQUITA           )
14 BRANDS, INC.; CHIQUITA BRANDS )
   INTERNATIONAL, INC.; DEL          )
15 MONTE FRESH PRODUCE, INC.;        )
   DEL MONTE FRESH PRODUCE           )
16 (WEST COAST), INC.; SHELL         )
   AGRICULTURAL CHEMICAL             )
17 COMPANY; SHELL CHEMICAL           )
   COMPANY; and THE DOW              )
18 CHEMICAL COMPANY; and DOES 1 )
   through 100, inclusive,           )
19                                   )
            Defendants.              )
20 ─────────────────────────────────)

21

22      TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

23 COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

24      PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act of

25 2005 ("CAFA"),  28 U.S.C. §§ 1332(d) and 1453, The Dow Chemical Company

26 ("Dow Chemical"), one of the defendants, hereby removes the above-entitled action

27 along with the twenty-nine other identical actions filed the same day by the same

28

-3-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446 (Class Action)

1  lawyers in their entirety from the Superior Court of the State of California for the
2  County of Los Angeles to the United States District Court for the Central District of
3  California.  This Court has removal and subject matter jurisdiction over the parties
4  because these cases constitute a "mass action" under CAFA.

5      Dow Chemical would respectfully show the Court that this action is properly
6  removable to this Court for the following reasons:

7      1.    This action was filed as No. BC 403364; *Acosta Cortes, et al. v. Dole*
8  *Food Co., et al.* on December 8, 2008 in the Superior Court of California for the
9  County of Los Angeles.   This is one of thirty identical cases filed by the same
10 lawyers on the same date on behalf of a total of 2,485 plaintiffs from Costa Rica,
11 Honduras, Panama and Guatemala.  The claimants are divided alphabetically (by
12 country) into 30 cases of less than 100 plaintiffs (most have 90) each in a transparent
13 attempt to avoid federal jurisdiction under the "mass action" provisions of CAFA.
14 *See* 28 U.S.C. § 1332(d)(11)(B).

15     2.    *Freeman v. Blue Ridge Paper Products, Inc.*  Less than two weeks ago,
16 the United States Court of Appeals for the Sixth Circuit recently decided a similar
17 case, where, like here, the plaintiffs arbitrarily divided their claim into multiple
18 actions for no reason "other than to avoid the clear purpose of CAFA," and held that
19 "remand was not proper." *Freeman v. Blue Ridge*, — F.3d —, No. 08-6321, 2008
20 WL 5396249, at *1 (6th Cir. December 29, 2008).  The court of appeals went on to
21 find that "CAFA was clearly designed to prevent plaintiffs from artificially
22 structuring their suits to avoid federal jurisdiction." *Id.* at *2.  Important here, the
23 court went on the specifically declare that CAFA's "purposes support reading CAFA
24 not to permit the splintering of lawsuits solely to avoid federal jurisdictions in the
25 fashion done in this case." *Id.* at *3.  This same reasoning applies with equal force
26 here and these cases are collectively removable as a CAFA "mass action." *See also*
27 *Proffitt v. Abbott Laboratories*, No. 2:08-CV-151, 2008 WL 4401367, at *5 (E.D.
28 Tenn. Sept. 23, 2008) (holding that there was "no justification for dividing one

alleged drug conspiracy involving one defendant into eleven lawsuits . . . other than to circumvent the CAFA and federal court jurisdiction.").

3.   Including the instant action, each of the following cases is being removed to this court:

|     | Case No. | Name |
| --- | --- | --- |
|     |  | *Costa Rica* |
| 1. | BC403364 | *Jorge Acosta Cortes, et al. v. Dole Food Co., Inc., et al.* |
| 2. | BC403380 | *Damian Carriillo Obregon, et al. v. Dole Food Co., Inc., et al.* |
| 3. | BC403378 | *Hermenegildo Garita Sandi, et al. v. Dole Food Co., Inc., et al.* |
| 4. | BC403365 | *Miguel Angel Mata Murillo, et al. v. Dole Food Co., Inc., et al.* |
| 5. | BC403379 | *Jose Isaac Rodriguez Diaz, et al. v. Dole Food Co., Inc., et al.* |
| 6. | BC403366 | *Jose Albino Villegas Mora, et al. v. Dole Food Co., Inc., et al.* |
|     |  | *Guatemala* |
| 7. | BC403375 | *Antonio Abrego, et al. v. Dole Food Co., Inc., et al.* |
| 8. | BC403367 | *Regino Curin Lorenzo, et al. v. Dole Food Co., Inc., et al.* |
| 9. | BC403376 | *Mauricio Hicho, et al. v. Dole Food Co., Inc., et al.* |
| 10. | BC403434 | *Cosme Eladia Ortega Vanegas, et al. v. Dole Food Co., Inc., et al.* |
| 11. | BC403377 | *Angel Antonio Suchite Garcia, et al. v. Dole Food Co., Inc., et al.* |
|     |  | *Honduras* |
| 12. | BC403371 | *Cesar Arnulfo Acosta, et al. v. Dole Food Co., Inc., et al.* |
| 13. | BC403511 | *Lucio Calidonio, et al. v. Dole Food Co., Inc., et al.* |
| 14. | BC403507 | *Marin Rafael Duenes, et al. v. Dole Food Co., Inc., et al.* |
| 15. | BC403433 | *Jairo Arnoldo Juarez Goden, et al. v. Dole Food Co., Inc., et al.* |
| 16. | BC403372 | *Reinaldo Alfonso Mendoza Bush, et al. v. Dole Food Co., Inc., et al.* |
| 17. | BC403373 | *Jose Saul Padilla, et al. v. Dole Food Co., Inc., et al.* |

|     | Case No. | Name |
| --- | --- | --- |
| 18. | BC403508 | *Luciano Rodriguez Rodriguez, et al. v. Dole Food Co., Inc., et al.* |
| 19. | BC403374 | *Roberto Ulloa, et al. v. Dole Food Co., Inc., et al.* |
|     |          | *Panama* |
| 20. | BC403431 | *Alis Abdiel Arauz, et al. v. Dole Food Co., Inc., et al.* |
| 21. | BC403515 | *Gladys Alvarado Montenegro, et al. v. Dole Food Co., Inc., et al.* |
| 22. | BC403432 | *Estanilao Caballero, et al. v. Dole Food Co., Inc., et al.* |
| 23. | BC403516 | *Victor Chin Martinez, et al. v. Dole Food Co., Inc., et al.* |
| 24. | BC403514 | *Roberto Gonzalez, et al. v. Dole Food Co., Inc., et al.* |
| 25. | BC403430 | *Luis Hernandez Moreno, et al. v. Dole Food Co., Inc., et al.* |
| 26. | BC403452 | *David Masa Arauz, et al. v. Dole Food Company, Inc., et al.* |
| 27. | BC403512 | *Carlos Munoz Barria, et al. v. Dole Food Co., Inc., et al.* |
| 28. | BC403506 | *Narciso Pinedo, et al. v. Dole Food Co., Inc., et al.* |
| 29. | BC403513 | *Hugo Salino Valdes, et al. v. Dole Food Co., Inc., et al.* |
| 30. | BC403362 | *Edwin Solis Villareal, et al. v. Dole Food Co., Inc., et al.* |

4.    Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(B).

5.    Also under CAFA, "a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs." 28 U.S.C. § 1332(d)(11)(A). Here, each of these actions is properly removable under CAFA on the following grounds:

a.   Collectively, there are more than 100 plaintiffs in these actions. 28 U.S.C. 1332(d)(11)(B)(i). More specifically, plaintiffs in these thirty cases are 2,485 citizens of Panama, Costa Rica, Honduras, and Guatemala. There are more than 100 plaintiffs from each country.[1]

b.   A review of plaintiffs' identical complaints indicates that the total "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), and further indicates that the matter in controversy for each plaintiff "exceeds the sum or value of $75,000." *Id.*; 28 U.S.C. § 1332(a); *see also Ellenberger v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (holding that it is "inappropriate for the district court to have required a removing party's notice of removal to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint."). Each plaintiff alleges that as a result of exposure to the chemical pesticide DBCP, he "suffer[s] sterility and other serious injuries," Pl. Cmpl. at ¶ 11, and seeks special, general and punitive damages, *Id.* at ¶¶ 110-112. Thus, this Court has jurisdiction over each and every plaintiff because each plaintiff satisfies the "jurisdictional amount requirements under subsection (a)." 28 U.S.C. § 1332(d)(11)(B)(i).

c.   Plaintiffs assert personal injury claims arising from their alleged exposure to DBCP, as such, their claims involve common questions of law and fact. 28 U.S.C. § 1332(d)(11)(B)(i); *see also, e.g.*, Pl. Cmpl. at ¶ 1.[2]

d.   This is an action in which a least one of plaintiffs is a citizen or subject of a foreign state and at least one defendant is a citizen of a State. 28 U.S.C. § 1332(d)(2)(B). More specifically:

---

[1] There are 461 plaintiffs from Costa Rica, 389 from Guatemala., 673 from Honduras, and 962 from Panama.

[2] Other than the names of the plaintiffs, the complaints are identical in all thirty actions.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and1446 (Class Action)

1           i.    Plaintiffs in these thirty actions are all citizens of Panama,

2 Costa Rica, Honduras or Guatemala, *see, e.g.*, Pl. Cmpl. at ¶ 11;

3           ii.    Defendant Dow Chemical is a Delaware corporation with its

4 principal place of business in Midland, Michigan. *Id.* at 25.

5      e.    Fewer than one-third of plaintiffs (indeed none of plaintiffs) are

6 citizens of California. 28 U.S.C. 1332(d)(3). *Id.* at ¶ 11.

7      f.    Fewer than two-thirds of plaintiffs (indeed none of plaintiffs) are

8 citizens of California and none of their alleged injuries were incurred in this

9 State. 28 U.S.C. 1332(d)(4). *Id.* at ¶¶ 6, 11.

10    6.    The time within which Dow Chemical must file this Notice of Removal

11 under 28 U.S.C. §1446(b) has not expired.  None of the defendants was served prior

12 to December 10, 2008.

13    7.    Under CAFA, the presence of citizens of this State as defendants does

14 not preclude removal.  28 U.S.C. § 1453(b) ("A class action may be removed . . .

15 without regard to whether any defendant is a citizen of the State in which the action

16 is brought[.]").

17    8.    Under CAFA, a defendant may remove without the consent of all

18 defendants.  28 U.S.C. § 1453(b) ("such action may be removed by any defendant

19 without the consent of all defendants").

20    9.    Copies of all process, pleadings and orders served on defendants is

21 attached as Exhibit A.

22    WHEREFORE, Dow Chemical respectfully prays that the Court take

23 jurisdiction over this action in its entirety until its conclusion.

1

2

DATED: January 8, 2009  FILICE BROWN EASSA & McLEOD LLP

3

and

4

SCHIRRMEISTER DIAZ-ARRASTIA BREM LLP

5

6

By:_____

7

GENNARO A. FILICE III
NICHOLAS D. KAYHAN
RICHARD H. POULSON

8

9

and

MICHAEL L. BREM

10

11

Attorneys for Defendant
THE DOW CHEMICAL COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, and 1446 (Class Action)

# EXHIBIT A

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
WALTER J. LACK, ESQ. (SBN 57550)
ENGSTROM, LIPSCOMB & LACK
10100 SANTA MONICA BL, 12th FL, L.A., CA 90067
TELEPHONE NO.: 310-552-3800    FAX NO.: 310-552-9434
ATTORNEY FOR (Name): Plaintiffs, ACOSTA CORTES, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: SUPERIOR COURT - CENTRAL
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

CASE NAME: ACOSTA CORTES, et al. v. DOLE FOOD COMPANY, INC., et al.

**FOR COURT USE ONLY**

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 8, 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder | BC403364 |

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[X] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [X] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action (specify): 9
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 8, 2008

Walter J. Lack, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability *(not asbestos or
      toxic/environmental)* (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract *(not unlawful detainer
              or wrongful eviction)*
      Contract/Warranty Breach–Seller
          Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
          domain, landlord/tenant, or
          foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment *(non-
          domestic relations)*
      Sister State Judgment
      Administrative Agency Award
          *(not unpaid taxes)*
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
          harassment)*
      Mechanics Lien
      Other Commercial Complaint
          Case *(non-tort/non-complex)*
      Other Civil Complaint
          *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

CEB

| SHORT TITLE:                                              | CASE NUMBER |
|----------------------------------------------------------|-------------|
| ACOSTA CORTES, et al. v. DOLE FOOD COMPANY, INC., et al. | BC403364    |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐YES   LIMITED CASE? ☐YES   TIME ESTIMATED FOR TRIAL 90   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 | Asbestos Property Damage | 2. |
| | | ☐ A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 | Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: ACOSTA CORTES, et al. v. DOLE FOOD COMPANY, INC., et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons -See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023    Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032   Quiet Title | 2., 6. |
| | | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| ACOSTA CORTES, et al. v. DOLE FOOD COMPANY, INC., et al. | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental  (30) | ☑ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

Judicial Review (Cont'd.)
Provisionally Complex Litigation
Enforcement of Judgment
Miscellaneous Civil Complaints
Miscellaneous Civil Petitions

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC, rule 2.0
Page 3 of 4

| SHORT TITLE:<br>ACOSTA CORTES, et al. v. DOLE FOOD COMPANY, INC., et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☑8. ☐9. ☐10. | ADDRESS:<br>One Dole Dr. | |
|---|---|---|
| CITY:<br>Westlake Village | STATE:<br>CA | ZIP CODE:<br>91362 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Los Angeles</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>December 8, 2008</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

Walter J. Lack, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 8, 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
DOLE FOOD COMPANY, INC.; DOLE FRESH FRUIT COMPANY;
CHIQUITA BRANDS COMPANY, NORTH AMERICA; CHIQUITA
BRANDS, INC.; (SEE ATTACHMENT FOR ADDITIONAL
DEFENDANTS)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JORGE ACOSTA CORTES; ANTONIO ACUNA AGÜERO; GERARDO
ACUNA MURILLO; JAVIER RAMON AGUERO ARTAVIA; (SEE
ATTACHMENT FOR ADDITIONAL PLAINTIFFS)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT - CENTRAL<br>111 NORTH HILL STREET<br>LOS ANGELES, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC403364** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WALTER J. LACK, SBN 57550          310-552-3800
ENGSTROM, LIPSCOMB & LACK
10100 SANTA MONICA BL, 12th FL, L.A., CA 90067

DATE: DEC 08 2008          Clerk, by _____ M. GARCIA _____, Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

JOHN A. CLARKE, CLERK

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**SUM-200(A)**

| SHORT TITLE:<br>ACOSTA CORTES, ET AL. v. DOLE FOOD COMPANY, INC., ET AL. | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

CHIQUITA BRANDS INTERNATIONAL, INC.;
DEL MONTE FRESH PRODUCE N.A., INC.;
DEL MONTE FRESH PRODUCE, INC.;
DEL MONTE FRESH PRODUCE (WEST COAST), INC.;
SHELL CHEMICAL COMPANY;
SHELL OIL COMPANY;
THE DOW CHEMICAL COMPANY;
OCCIDENTAL PETROLEUM CORPORATION;
OCCIDENTAL CHEMICAL COMPANY;
OCCIDENTAL CHEMICAL CORPORATION;
and DOES 1 through 100, Inclusive.

Page __1__ of __4__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CEB

## ACOSTA CORTES, ET AL. V. DOLE FOOD CO., INC., ET AL.
## ADDITIONAL PARTIES ATTACHMENT
### Attachment to Summons

**List of Additional Plaintiffs:**

TEODORO AGUERO MORA;
VICTOR HUGO AGUILAR CESPEDES;
JOSE JOAQUIN AGUILAR MONTERO;
OSCAR AGUILAR MORA;
ALBINO AGUILAR SOLANO;
JOSE SIMON AGUIRRE AGUIRRE;
JOSE FRANCISCO AGUIRRE AGUIRRE;
ALFONSO AGUIRRE VILLAGRA;
SANTOS VIANNEY AGUIRRE ZUNIGA;
CLEMENTE ALVARADO RIOS;
ALCIDES ALVARADO ZAMORA;
ANGEL JULIAN ALVAREZ AGUIRRE;
ANTONIO ALVAREZ ALVAREZ;
LUIS ANTONIO ALVAREZ ALVAREZ;
JESUS ALVAREZ BUSTOS;
SIGIFREDO ALVAREZ DIAZ;
ROQUE ALVAREZ MORALES;
HERNAN ALVAREZ ROSALES;
GIOVANNI ALVAREZ RUIZ;
VICTOR MANUEL ALVAREZ VILLATORO;
JOSE ELVIS ANGULO ANGULO;
FERNANDO ARAGON MIRANDA;
SERGIO ARAGON MIRANDA;
CRISTOBAL ALBERTO ARAGON RUGAMA;
MARVIN ARAYA ALVAREZ;
JOSE ANGEL ARAYA BOLANOS;
CLAUDIO ARAYA HERNANDEZ;
JUAN ARAYA ORTEGA;
BENEDICTO ARAYA ROJAS;
JOSE DONALDO ARCE BEJARANO;
VICTOR JULIO ARCE QUESADA;
ELIECER ARCE RETANA;
VICTOR ARGUEDAS MUNOZ;
VIDAL ARIAS AVILA;
GILBERTO ARIÁS MEZA;
HERMINIO ARIAS PANIAGUA;

2

BIENVENIDO ARIAS SOLANO;
EDUARDO ARIAS VILLALOBOS;
RAFAEL ANTONIO AVILA CAMBRONERO;
HUGO AVILES JUAREZ;
RICARDO ALBERTO BALDELOMAR BALDELOMAR;
EDUARDO FAUSTO BALTODANO BALTODANO;
VIRGILIO BALTODANO DIAZ;
MERIDO BALTODANO DIAZ;
JOSE MARVIN BALTODANO ZUNIGA;
ALFONSO BARAHONA FONSECA;
OLIVER GERARDO BARAHONA FONSECA;
HUGO BARBOZA FERNANDEZ;
AMALIO BARBOZA MENDOZA;
JOSE FRANCISCO BARQUERO BARQUERO;
JESUS MARIA BARQUERO CAMPOS;
CARLOS LUIS BARQUERO PICADO;
CARLOS LUIS BARRIOS BARRIOS;
LUIS ALVARO BENAVIDES ESQUIVEL;
JOVEL BERROCAL CHINCHILLA;
GABRIEL BERROCAL JIMENEZ;
FRANCISCO BOJORGE APU;
AGUSTIN BOLANOS MONTOYA;
GERVASIO BOLANOS MONTOYA;
RIGOBERTO BOLIVAR SILES;
RAFAEL BONILLA MADRIGAL;
SILVERIO BONILLA ZUNIGA;
HERIBERTO BRAVO HERNANDEZ;
JOSE BRENES CISNEROS;
JESUS FRANCISO BRENES CRUZ;
ALEJANDRO BRENES GUEVARA;
EDWIN BRENES LEON;
CESAR AURELIO BRENES MARTINEZ;
EDGAR BRENES MORA;
REMBERTO BRICENO MACOTELO;
BENEDICTO BRIONES GARCIA;
JOSE LEON BRIONES RANGEL;
JOSE GREGORIO BUZANO VEGA;
JOSE LUIS CALDERON BARBOZA;
OLDEMAR CALDERON SOLANO;
MELVIN CALVO VARGAS;
RAFAEL ANGEL CAMBRONERO GUERRERO;
JOSE ALBERTO CAMPOS CAMPOS;
FRANCISCO CAMPOS ZUMBADO;

3

RODOLFO CARBALLO BARRIENTOS;
MARIANO CARBALLO VARGAS;
JOSE LIDIER CARDENAS GARCIA;
JUAN PABLO CARRILLO CARRILLO;
FELIX CARRILLO MATARRITA;
CAMILO CARRILLO MATARRITA;
FRANCISCO CARRILLO OBREGON.

309393.1



4

1 │ WALTER J. LACK (State Bar No. 57550)
ELIZABETH L. CROOKE (State Bar No. 90305)
2 │ ANN A. HOWITT (State Bar No. 169497)
**ENGSTROM, LIPSCOMB & LACK**
3 │ 10100 Santa Monica Boulevard, 12th Floor
Los Angeles, California 90067
4 │ Tel: (310) 552-3800 / Fax: (310) 552-9434

5 │ JOE J. FISHER II (*Appearing Pro Hac Vice*)
MARK SPARKS (*Appearing Pro Hac Vice*)
6 │ **PROVOST*UMPHREY LAW FIRM**
P.O. Box 4905
7 │ Beaumont, TX 77704
Tel: (409) 835-6000 / Fax: (409) 838-8888
8 │
9 │ Attorneys for Plaintiffs

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 8 - 2008 REC'D

DEC 8 - 2008
JOHN A. CLARKE, CLERK
FILING WINDOW
BY MARY GARCIA, DEPUTY

D 51

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JORGE ACOSTA CORTES; ANTONIO ACUNA AGÜERO; GERARDO ACUNA MURILLO; JAVIER RAMON AGUERO ARTAVIA; TEODORO AGUERO MORA; VICTOR HUGO AGUILAR CESPEDES; JOSE JOAQUIN AGUILAR MONTERO; OSCAR AGUILAR MORA; ALBINO AGUILAR SOLANO; JOSE SIMON AGUIRRE AGUIRRE; JOSE FRANCISCO AGUIRRE AGUIRRE; ALFONSO AGUIRRE VILLAGRA; SANTOS VIANNEY AGUIRRE ZUNIGA; CLEMENTE ALVARADO RIOS; ALCIDES ALVARADO ZAMORA; ANGEL JULIAN ALVAREZ AGUIRRE; ANTONIO ALVAREZ ALVAREZ; LUIS ANTONIO ALVAREZ ALVAREZ; JESUS ALVAREZ BUSTOS; SIGIFREDO ALVAREZ DIAZ; ROQUE ALVAREZ MORALES; HERNAN ALVAREZ ROSALES; GIOVANNI ALVAREZ RUIZ; VICTOR MANUEL ALVAREZ VILLATORO; JOSE ELVIS ANGULO ANGULO; FERNANDO ARAGON MIRANDA; SERGIO ARAGON MIRANDA; CRISTOBAL ALBERTO ARAGON RUGAMA; MARVIN ARAYA ALVAREZ; JOSE ANGEL ARAYA BOLANOS; CLAUDIO ARAYA HERNANDEZ; JUAN ARAYA ORTEGA; BENEDICTO ARAYA ROJAS; JOSE DONALDO ARCE BEJARANO; VICTOR JULIO ARCE QUESADA; ELIECER ARCE | **CASE NO.:** BC403364<br><br>**COMPLAINT FOR:**<br><br>1) **PRODUCTS LIABILITY-NEGLIGENCE;**<br>2) **STRICT PRODUCTS LIABILITY;**<br>3) **PRODUCTS LIABILITY – DEFECT IN DESIGN, MANUFACTURE, AND CHEMICAL COMPOSITION;**<br>4) **PRODUCTS LIABILITY – BREACH OF WARRANTY;**<br>5) **FRAUDULENT MANAGEMENT;**<br>6) **INTENTIONAL MISREPRESENTATION;**<br>7) **FRAUD BY CONCEALMENT;**<br>8) **GENERAL NEGLIGENCE; AND**<br>9) **CONSPIRACY** |

CTI/CASE: BC403364 LEA/DEFH:
RECEIPT #: CCR47805700B
DATE PAID: 12/09/08 09:12:25 AM
PAYMENT: $870.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD: 870.00
0310

309517
1
**COMPLAINT**

RETAÑA; VICTOR ARGUEDAS MUÑOZ;
VIDAL ARIAS AVILA; GILBERTO ARIAS
MEZA; HERMINIO ARIAS PANIAGUA;
BIENVENIDO ARIAS SOLANO;
EDUARDO ARIAS VILLALOBOS;
RAFAEL ANTONIO AVILA
CAMBRONERO; HUGO AVILES JUAREZ;
RICARDO ALBERTO BALDELOMAR
BALDELOMAR; EDUARDO FAUSTO
BALTODANO BALTODANO; VIRGILIO
BALTODANO DIAZ; MERIDO
BALTODANO DIAZ; JOSE MARVIN
BALTODANO ZUNIGA; ALFONSO
BARAHONA FONSECA; OLIVER
GERARDO BARAHONA FONSECA; HUGO
BARBOZA FERNANDEZ; AMALIO
BARBOZA MENDOZA; JOSE FRANCISCO
BARQUERO BARQUERO; JESUS MARIA
BARQUERO CAMPOS; CARLOS LUIS
BARQUERO PICADO; CARLOS LUIS
BARRIOS BARRIOS; LUIS ALVARO
BENAVIDES ESQUIVEL; JOVEL
BERROCAL CHINCHILLA; GABRIEL
BERROCAL JIMENEZ; FRANCISCO
BOJORGE APU; AGUSTIN BOLANOS
MONTOYA; GERVASIO BOLANOS
MONTOYA; RIGOBERTO BOLIVAR
SILES; RAFAEL BONILLA MADRIGAL;
SILVERIO BONILLA ZUNIGA;
HERIBERTO BRAVO HERNANDEZ; JOSE
BRENES CISNEROS; JESUS FRANCISO
BRENES CRUZ; ALEJANDRO BRENES
GUEVARA; EDWIN BRENES LEON;
CESAR AURELIO BRENES MARTINEZ;
EDGAR BRENES MORA; REMBERTO
BRICENO MACOTELO; BENEDICTO
BRIONES GARCIA; JOSE LEON BRIONES
RANGEL; JOSE GREGORIO BUZANO
VEGA; JOSE LUIS CALDERON
BARBOZA; OLDEMAR CALDERON
SOLANO; MELVIN CALVO VARGAS;
RAFAEL ANGEL CAMBRONERO
GUERRERO; JOSE ALBERTO CAMPOS
CAMPOS; FRANCISCO CAMPOS
ZUMBADO; RODOLFO CARBALLO
BARRIENTOS; MARIANO CARBALLO
VARGAS; JOSE LIDIER CARDENAS
GARCIA; JUAN PABLO CARRILLO
CARRILLO; FELIX CARRILLO
MATARRITA; CAMILO CARRILLO
MATARRITA; FRANCISCO CARRILLO
OBREGON,

       Plaintiffs,

309517

**COMPLAINT**

vs.

DOLE FOOD COMPANY, INC.;
DOLE FRESH FRUIT COMPANY;
CHIQUITA BRANDS COMPANY, NORTH
AMERICA; CHIQUITA BRANDS, INC.;
CHIQUITA BRANDS INTERNATIONAL,
INC.; DEL MONTE FRESH PRODUCE N.A.,
INC.;DEL MONTE FRESH PRODUCE,
INC.; DEL MONTE FRESH PRODUCE
(WEST COAST), INC.;
SHELL CHEMICAL COMPANY;
SHELL OIL COMPANY; THE DOW
CHEMICAL COMPANY; OCCIDENTAL
PETROLEUM CORPORATION;
OCCIDENTAL CHEMICAL COMPANY;
OCCIDENTAL CHEMICAL
CORPORATION, and DOES 1 through 100,
Inclusive,

        Defendants.

        COMES NOW Plaintiffs and bring this action against the Defendants, DOLE FOOD

COMPANY, INC.; DOLE FRESH FRUIT COMPANY, CHIQUITA BRANDS COMPANY,

NORTH AMERICA; CHIQUITA BRANDS, INC; CHIQUITA BRANDS INTERNATIONAL,

INC.; DEL MONTE FRESH PRODUCE, INC., DEL MONTE FRESH PRODUCE N.A., INC.,

DEL MONTE FRESH PRODUCE (WEST COAST), INC.; SHELL OIL COMPANY (AND

SHELL OIL USA), SHELL CHEMICAL COMPANY; THE DOW CHEMICAL COMPANY,

OCCIDENTAL PETROLEUM COMPANY, OCCIDENTAL CHEMICAL COMPANY and

OCCIDENTAL CHEMICAL CORPORATION; and DOES 1 through 100, inclusive, and allege

as follows:

## NATURE OF THE CASE

        1.      This lawsuit is brought by Plaintiffs, who were injured by exposure to 1, 2-

dibromo-3-chloropropane ("DBCP"), a highly toxic chemical pesticide, which was also sold

under the brand names "Nemagon" and "Fumazone", designed, manufactured, marketed,

distributed and sold by SHELL OIL COMPANY (AND SHELL OIL USA),  SHELL

3

309517

CHEMICAL COMPANY, THE DOW CHEMICAL COMPANY, OCCIDENTAL

PETROLEUM CORPORATION, OCCIDENTAL CHEMICAL COMPANY and

OCCIDENTAL CHEMICAL CORPORATION, (collectively, "CHEMICAL DEFENDANTS").

CHEMICAL DEFENDANTS are some of the nation's largest chemical manufacturers,

producing within the borders of the United States, in excess of 80% of all chemicals used in the

United States and abroad.  This lawsuit is brought by Plaintiffs who were injured by the release

of DBCP into the environment as a result of the operation of banana plantation farms in Central

America by DOLE FOOD COMPANY, INC., DOLE FRESH FRUIT COMPANY, CHIQUITA

BRANDS COMPANY, NORTH AMERICA; CHIQUITA BRANDS, INC., CHIQUITA

BRANDS INTERNATIONAL, INC.; DEL MONTE FRESH PRODUCE (WEST COAST)

INC.; DEL MONTE FRESH PRODUCE, INC. and DEL MONTE FRESH PRODUCE N.A.,

INC.; (collectively, "BANANA FARM DEFENDANTS").

    2.    At all relevant times, Plaintiffs were workers on banana plantation farms owned,

managed, administered, or controlled by BANANA FARM DEFENDANTS, located in and

around Costa Rica.

    3.    During those years, the above-mentioned plantation farms were owned, managed,

administered, controlled or managed by BANANA FARM DEFENDANTS, with the

administration realized by their officials and administrators from the United States under

agreements executed with the landlords of those above-mentioned plantation farms.  The

managers presided over the work of the Plaintiffs, who handled the harvesting  and cropping of

the banana production, a comprehensive process that included planting banana trees; work and

labor activities for the application of fertilizers and pesticides; and the fumigation, harvesting,

309517

**COMPLAINT**

and packaging of the final banana product in boxes and bags for exportation to, and sale in, foreign countries.

4.      Plaintiffs, as daily workers on the banana plantation farms, were exposed to DBCP, designed, manufactured, marketed, distributed, and sold in and from the United States by CHEMICAL DEFENDANTS.  DBCP is a highly toxic and poisonous pesticide which has been alleged to cause sterility, testicular atrophy, miscarriages, congenital reproductive outcomes, liver damage and various forms of cancer in humans when absorbed by the skin or inhaled.  The pesticide was sold under its generic name, DBCP, and the brand names Nemagon – designed, manufactured, marketed, distributed and sold by SHELL OIL COMPANY, SHELL CHEMICAL COMPANY, OCCIDENTAL PETROLEUM CORPORATION, OCCIDENTAL CHEMICAL COMPANY and OCCIDENTAL CHEMICAL CORPORATION – and Fumazone – designed, manufactured, marketed, distributed, and sold by THE DOW CHEMICAL COMPANY, OCCIDENTAL PETROLEUM CORPORATION, OCCIDENTAL CHEMICAL COMPANY and OCCIDENTAL CHEMICAL CORPORATION.  The pesticide was banned from general use in the United States by the Environmental Protection Agency ("EPA") in 1979, but CHEMICAL DEFENDANTS continued to distribute DBCP to BANANA FARM DEFENDANTS for use on banana plantation farms in Central America, including those specifically mentioned herein and others in Costa Rica.

5.      Plaintiffs are informed and believe and, on that basis, herein alleged that CHEMICAL DEFENDANTS did not utilize due care when continuing to distribute DBCP from the United States to banana plantation farms in Costa Rica.  Plaintiffs are informed and believe and, on that basis, herein allege that CHEMICAL DEFENDANTS knowingly and willfully distributed DBCP after receiving notice of its ban in the United States by the EPA and its highly

309517

5

**COMPLAINT**

toxic effects, particularly its causing sterility. In addition, Plaintiffs are informed and believe and, on that basis, herein alleged that BANANA FARM DEFENDANTS knowingly and willfully exposed Plaintiffs to DBCP and its highly toxic effects after receiving notice of its ban in the United States by the EPA. CHEMICAL DEFENDANTS eventually ceased distribution of DBCP to plantation farms, and BANANA FARM DEFENDANTS eventually ceased application of DBCP at such plantation farms. After such distribution and application ceased, however, the Plaintiffs suffered physical and mental injuries as a result of their exposure to DBCP.

6. Plaintiffs were exposed to DBCP designed, manufactured, marketed, distributed, sold, or purchased by DEFENDANTS for application on banana plantation farms throughout Central America, including those specifically mentioned herein and others in and around Costa Rica. As a result of this exposure to DBCP, Plaintiffs suffered serious injuries.

### JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter based on the fact that Defendant, DOLE FOOD COMPANY, INC., at all times relevant hereto, had its principal places of business in Los Angeles County, California, in which the decision makers for said BANANA FARM DEFENDANT conduct and oversee its daily affairs.

8. Remaining DEENDANTS are properly joined in this action under the California Rules of Civil Procedure. The claims against DOLE FRESH FRUIT COMPANY, CHIQUITA BRANDS COMPANY, NORTH AMERICA; CHIQUITA BRANDS, INC; CHIQUITA BRANDS INTERNATIONAL, INC.; DEL MONTE FRESH PRODUCE, INC., DEL MONTE FRESH PRODUCE N.A., INC., DEL MONTE FRESH PRODUCE (WEST COAST), INC.; SHELL OIL COMPANY (AND SHELL OIL USA), SHELL CHEMICAL COMPANY; THE DOW CHEMICAL COMPANY, OCCIDENTAL PETROLEUM COMPANY, OCCIDENTAL

309517
**COMPLAINT**

CHEMICAL COMPANY and OCCIDENTAL CHEMICAL CORPORATION arise out of the

same transaction, occurrence, or series of transactions or occurrences as the claims against

DOLE FOOD COMPANY, INC., and, all of which conduct business within this State and

County.

9.      Without reference to punitive damages, the amount in controversy in

compensatory damages for each Plaintiff exceeds the minimum jurisdictional limits of this

Court, exclusive of interest and costs.

10.      Pursuant to California Civil Procedure Code, Section 395.5, venue in the Superior

Court of Los Angeles County is proper. The principal place of business of DOLE FOOD

COMPANY, INC., at all times relevant hereto, was situated in Los Angeles County.

Specifically, DOLE FOOD COMPANY, INC. caused tortuous injury by acts or omissions

associated with the design, manufacture, marketing, distribution, or sale of DBCP from its

principal places of business in this County, as well as its decision from this County directing the

control of banana plantation farms in and around Costa Rica affecting the Plaintiffs and their

exposure to the harmful pesticides.

**PARTIES**

11.      Individual Plaintiffs, are, and were at all times relevant hereto, residents of

COSTA RICA. For the convenience of the Court and parties, the Plaintiffs are listed in

alphabetical order in the Appendix hereto, which is incorporated into this petition as if set forth

fully herein. Plaintiffs were banana workers on the BANANA FARM DEFENDANTS'

plantation farms. During the course of Plaintiffs' work, Plaintiffs applied DBCP designed,

manufactured, marketed, distributed, sold, or purchased by DEFENDANTS on the BANANA

FARM DEFENDANTS' plantations in order to aid and stimulate banana production. The DBCP

7

309517

**COMPLAINT**

applied by Plaintiffs was toxic, therefore causing Plaintiffs to suffer sterility and other serious injuries.

12.     **DEFENDANT, DOLE FOOD COMPANY, INC.**, is, and was at all times relevant hereto, a Delaware corporation with its principal place of business in Los Angeles County, California. At all times relevant herein, DOLE FOOD COMPANY, INC., or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

13.     **DEFENDANT, DOLE FRESH FRUIT COMPANY**, is, and was at all times relevant hereto, a Nevada corporation with its principal place of business in Los Angeles County, California. At all times relevant herein, DOLE FRESH FRUIT COMPANY, or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

14.     **DEFENDANT, CHIQUITA BRANDS COMPANY, NORTH AMERICA**, is and was at all times relevant hereto, a Delaware corporation, with its principal place of business in Hamilton County, Ohio. CHIQUITA BRANDS COMPANY, NORTH AMERICA is a multi-national corporation that conducts its business throughout the world, including California and Costa Rica. At all relevant times herein, CHIQUITA BRANDS COMPANY, NORTH AMERICA or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

15.     **DEFENDANT, CHIQUITA BRANDS, INC.** is and was at all times relevant

8

**COMPLAINT**

309517

hereto, a Delaware corporation, with its principal place of business in Hamilton County, Ohio. CHIQUITA BRANDS, INC. is a multi-national corporation that conducts its business throughout the world, including California and Costa Rica.  At all relevant times herein, CHIQUITA BRANDS, INC. or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

      16.    **DEFENDANT, CHIQUITA BRANDS INTERNATIONAL, INC.** is and was at all times relevant hereto, a Delaware corporation, with its principal place of business in Hamilton County, Ohio.  CHIQUITA BRANDS INTERNATIONAL, INC. is a multi-national corporation that conducts its business throughout the world, including California and Costa Rica. At all relevant times herein, CHIQUITA BRANDS INTERNATIONAL, INC. or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

      17.    **DEFENDANT, DEL MONTE FRESH PRODUCE N.A., INC.**, is, and was at all times relevant hereto, a Florida corporation with its principal place of business in Coral Gables, Florida.  At all times relevant herein, DEL MONTE FRESH PRODUCE N.A., INC., or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

      18.    **DEFENDANT, DEL MONTE FRESH PRODUCE, INC.** is, and was at all times relevant hereto, a California corporation with its principal place of business in the County of San Francisco, California.  At all times relevant herein, DEL MONTE FRESH PRODUCE,

INC., or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

19.     **DEFENDANT, DEL MONTE FRESH PRODUCE (WEST COAST), INC.,** is, and was at all times relevant hereto, a Delaware corporation with its principal place of business in the County of San Francisco, California. At all times relevant herein, DEL MONTE FRESH PRODUCE (WEST COAST), INC., or its agents, purchased DBCP from CHEMICAL DEFENDANTS for application on banana plantation farms throughout Central America, including farms in Costa Rica, after it had been banned from general use in the United States by the EPA.

20.     **DEFENDANT, SHELL CHEMICAL COMPANY** is, and was at all times relevant hereto, a Delaware corporation, with its principal place of business in Harris County, Texas. SHELL CHEMICAL COMPANY is a multi-national corporation that conducts its business throughout the world, including California and Costa Rica. At all times relevant herein, SHELL CHEMICAL COMPANY or its agents, manufactured, distributed, marketed and sold DBCP for use on banana plantation farms throughout Central America, including farms in Costa Rica, to BANANA FARM DEFENDANTS after it had been banned in the United States by the EPA.

21.     **DEFENDANT, SHELL OIL COMPANY** is, and was at all times relevant hereto, a Delaware corporation, with its principal place of business in Harris County, Texas. SHELL OIL COMPANY is a multi-national corporation that conducts its business throughout the world, including California and Costa Rica. At all times relevant herein, SHELL OIL COMPANY or its agents, manufactured, distributed, marketed and sold DBCP for use on

309517

10

**COMPLAINT**

banana plantation farms throughout Central America, including farms in Costa Rica, to

BANANA FARM DEFENDANTS after it had been banned in the United States by the EPA.

22. **DEFENDANT, OCCIDENTAL PETROLEUM CORPORATION**

("Occidental Petroleum"), individually and doing business as Occidental Chemical Company, is

a California corporation, with its principal place of business in Los Angeles.

23. **DEFENDANT, OCCIDENTAL CHEMICAL COMPANY**, was at one time an

operating division of Occidental Petroleum Corporation. Thereafter Occidental Chemical

Company was a California corporation, with its principal place of business located in Lathrop,

California. This corporation's name was changed to Occidental Chemical Agricultural Products,

Inc. and then merged into Occidental Chemical Corporation.

24. **DEFENDANT, OCCIDENTAL CHEMICAL CORPORATION**, was at all

times relevant herein a New York corporation, with its principal place of business located in

Dallas, Texas.

25. **DEFENDANT, THE DOW CHEMICAL COMPANY** is, and was at all times

relevant hereto, a Delaware corporation, with its principal place of business in Midland,

Michigan. THE DOW CHEMICAL COMPANY is a multi-national corporation that conducts

its business throughout the world, including California and Costa Rica. At all times relevant

herein, THE DOW CHEMICAL COMPANY or its agents, manufactured, distributed, marketed

and sold DBCP for use on banana plantation farms throughout Central America, including farms

in Costa Rica, to BANANA FARM DEFENDANTS after it had been banned in the United

States by the EPA.

26. Except as described herein, Plaintiffs are ignorant of the true names of

DEFENDANTS sued as DOES 1 through 100, inclusive, and the nature of their wrongful

309517

**COMPLAINT**

conduct, and therefore sue these DOE DEFENDANTS by such fictitious names.  Such DOE

DEFENDANTS knowingly aided and participated in DEFENDANTS wrongful conduct

complained of herein.  Plaintiffs will seek leave of the Court to amend this Complaint to allege

their true names and capacities when ascertained.

## FACTUAL ALLEGATIONS

27.     CHEMICAL DEFENDANTS are the primary manufacturers and distributors of

chemical products in the United States. CHEMICAL DEFENDANTS designed and

manufactured all of the DBCP sold to BANANA FARM DEFENDANTS at the respective

chemical plants in the United States. CHEMICAL DEFENDANTS were aware that the EPA

banned DBCP from general use in the United States in 1979. Regardless of such adverse facts,

CHEMICAL DEFENDANTS continued to distribute and sell DBCP to BANANA FARM

DEFENDANTS for application on banana plantation farms specifically mentioned herein and

others in Costa Rica after the ban had been instituted.

28.     In 1957 or earlier, CHEMICAL DEFENDANTS had reason to question the

operational integrity of the DBCP design and distribution system. At or about the same time,

CHEMICAL DEFENDANTS found evidence that exposure to DBCP caused testicular atrophy

in laboratory animals. Regardless of such findings, DBCP continued to be manufactured and

distributed throughout the Unites States and abroad. CHEMICAL DEFENDANTS were not able

to correct the above-mentioned problem and continued testing began to show testicular problems

in humans as well; including all human workers at the CHEMICAL DEFENDANTS' facilities.

After the EPA banned DBCP from general use in the United States in 1979, DEFENDANTS

continued designing, marketing, manufacturing, distributing, selling or purchasing DBCP for

12

309517

**COMPLAINT**

application on plantation farms throughout Costa Rica despite the serious dangers it posed to humans.

29.     On or about July, 1961, the Pesticide Regulations Branch of the U.S. Department of Agriculture ("USDA") advised CHEMICAL DEFENDANTS, SHELL OIL COMPANY and SHELL CHEMICAL COMPANY to place extensive precautionary warning labels on its Nemagon barrels. The USDA also requested health records of those plant workers who had been employed for an extended period in the manufacture or formulation of products containing DBCP. CHEMICAL DEFENDANTS, SHELL OIL COMPANY and SHELL CHEMICAL COMPANY dismissed such advice, calling the USDA's measures overly cautious and stating that the proposed precautionary statements could have an adverse effect on the future sales of Nemagon.

30.     At this time CHEMICAL DEFENDANTS decided not to recall, and BANANA FARM DEFENDANTS decided not to stop applying, any of the DBCP. CHEMICAL DEFENDANTS continued to distribute DBCP despite the toxicity of the soil fumigant. DEFENDANTS continued to sell, distribute, purchase, or apply toxic DBCP in conscious disregard for the health and safety of Plaintiffs who were routinely exposed to the pesticide.

31.     On or about August 12, 1977, the Occupational Safety and Health Administration issued a warning letter to CHEMICAL DEFENDANTS, calling their attention to the hazard of worker exposure to DBCP. On or about August 19, 1977, the Director of NIOSH wrote to CHEMICAL DEFENDANTS requesting information to fully evaluate the extent of the hazards posed by exposure to DBCP. Although CHEMICAL DEFENDANTS suspended production of DBCP in the late 1970's, they nevertheless continued to allow the marketing, distribution, and sale of the DBCP in question to Costa Rica, and did so in conscious disregard of the health and

309517

13

**COMPLAINT**

safety of Plaintiffs there. In addition, BANANA FARM DEFENDANTS continued to oversee the application of the DBCP in question on banana farms, including those specifically mentioned herein and others in Costa Rica.

32.     By the time that CHEMICAL DEFENDANTS had suspended production of DBCP, however, millions of gallons had been exported to Central America and, in turn, Plaintiffs had already been exposed to it. In addition, millions of gallons of DBCP manufactured and sold to BANANA FARM DEFENDANTS under the brand names of Nemagon and Fumazone by the same defective process were also toxic. Plaintiffs have suffered serious injuries as a result of their exposure to DBCP.

33.     Prior to the general ban in the United States in 1979, CHEMICAL DEFENDANTS knew that DBCP was toxic and could cause sperm loss and other injuries to Plaintiffs; and that DBCP could not be safely applied in any amount or fashion. Despite this knowledge, CHEMICAL DEFENDANTS continued to distribute millions of gallons of DBCP to BANANA FARM DEFENDANTS for application on plantation farms across Costa Rica.

34.     Plaintiffs are informed and believe, and on that basis, herein allege that CHEMICAL DEFENDANTS did not act with due care when responding to the general ban on DBCP by the EPA. Plaintiffs are informed and believe, and on the basis, herein allege that CHEMICAL DEFENDANTS failed to expeditiously remove the toxic DBCP distributed abroad from the stream of commerce, failed to expeditiously recall barrels containing toxic DBCP, and continued to distribute the toxic DBCP after receiving notice of the general ban. At all relevant times, CHEMICAL DEFENDANTS had actual or constructive knowledge of the foregoing general ban and the toxicity of DBCP and, therefore are directly liable for injuries to Plaintiffs based upon the following: (a) CHEMICAL DEFENDANTS financially supported the continued

14

**COMPLAINT**

distribution of DBCP throughout Central America, including those specifically mentioned herein and others in Costa Rica; (b) CHEMICAL DEFENDANTS had direct involvement with the testing of laboratory rats and mice that developed testicular atrophy as a result of their exposure to DBCP; (c) CHEMICAL DEFENDANTS had some of its key employee personnel serve as members of these testing and research groups; (d) CHEMICAL DEFENDANTS created the overall policy regarding the steps and procedures to be followed to validate continued distribution of DBCP despite such adverse findings; (e) CHEMICAL DEFENDANTS' personnel were involved in the fact-finding investigations into the problems stemming from workers with abnormally low sperm counts and their exposure to DBCP stemming from manufacture and formulation of the pesticide; (f) CHEMICAL DEFENDANTS implemented policies and procedures whereby they developed an indemnity plan with BANANA FARM DEFENDANTS in case of lawsuits connected with exposure to DBCP; (g) CHEMICAL DEFENDANTS planned to continue distributing DBCP after the general ban in the United States if profits exceeded potential lawsuit costs; and (h) CHEMICAL DEFENDANTS planned to sell millions of pounds of DBCP per year after the general ban in the United States for application on banana farms throughout Central America, including those specifically mentioned herein and others in Costa Rica.

35. Plaintiffs are informed and believe, and on the basis, herein allege that BANANA FARM DEFENDANTS did not act with due care when responding to the general ban on DBCP by the EPA. At all relevant times, BANANA FARM DEFENDANTS had actual or constructive knowledge of the foregoing general ban and the toxicity of DBCP and, therefore, are directly liable for the injuries to Plaintiffs based upon the following: (a) BANANA FARM DEFENDANTS financially supported the continued distribution of DBCP to banana farms

309517

**COMPLAINT**

throughout Central America, including those specifically mentioned herein and others in Costa Rica; (b) BANANA FARM DEFENDANTS were directly involved in the application process of DBCP on banana farms throughout Central America, including those specifically mentioned herein and others in Costa Rica; (c) BANANA FARM DEFENDANTS continued to purchase DBCP from CHEMICAL DEFENDANTS after the general ban was instituted by the EPA, despite knowledge of the adverse health effects that exposure could have on humans; (d) BANANA FARM DEFENDANTS agreed to indemnify CHEMICAL DEFENDANTS in the event of lawsuits connected with exposure of DBCP; and (e) BANANA FARM DEFENDANTS had knowledge that exposure to DBCP could cause testicular atrophy and other serious health problems in humans as a result of earlier tests conducted by CHEMICAL DEFENDANTS.

## THE DISCOVERY RULE

36.     Plaintiffs allege they had no knowledge of the cause of their injuries. Plaintiffs did not suspect, nor did they have reason to suspect, that their injuries were caused by DEFENDANTS' wrongdoing. Specifically, Plaintiffs did not have a suspicion of wrong doing until diagnosed by doctors in 2003.

37.     DEFENDANTS did not disclose that DBCP was unreasonably dangerous. Plaintiffs were not provided with any information about the discovery that DBCP could cause sterility. Plaintiffs were not provided any information regarding the EPA's ban of DBCP in the United States because it was an unreasonably dangerous product. Without this information, which DEFENDANTS had access to at all times herein, Plaintiffs did not have notice or information of circumstances which would put a reasonable person on inquiry.

38.     Plaintiffs are Costa Rican citizens and speak only their native language, Spanish. Even if the literature concerning the harmful qualities of DBCP made its way to the remote

16

**COMPLAINT**

banana farms of Costa Rica, it would have been of no use. The individual Plaintiffs speak only Spanish and many lack fundamental reading skills. Any information provided to them, in a language other than Spanish, would not have put them on inquiry. Furthermore, the only information contained on the barrels of DBCP were the words "Dow," the names of the CHEMICAL DEFENDANTS, or the chemical names, either Nemagon or Fumazone. This information does not provide notice or information of circumstances which would put a reasonable person on inquiry.

39.     Given the location of the Plaintiffs and their living conditions and access to information, it was impossible for the Plaintiffs to have any suspicion of wrongdoing. Plaintiffs worked long days in a remote part of the world, away from mass media. They had no access to the information revealing the hazards of DBCP. As such Plaintiffs did not have notice or information of circumstances which would put a reasonable person on inquiry.

40.     Furthermore, sterility is an injury that is not easily discovered. There are no symptoms that would prompt a reasonable prudent person to suspect wrongdoing. There was no way for Plaintiffs to know of any injury until properly diagnosed by a doctor, which occurred in 2003. Until that time, Plaintiffs could not have had notice or information of circumstances that would put a reasonable person on inquiry.

## FIRST CAUSE OF ACTION

### PRODUCTS LIABILITY – NEGLIGENCE
(As to All Defendants)

41.     Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 40 above as if set forth fully herein.

42.     DEFENDANTS in manufacturing, distributing, or applying DBCP had a duty to Plaintiffs to do so in a reasonable manner and to ensure that the product was without defect.

309517

**COMPLAINT**

43.     DEFENDANTS breached this duty when they placed the defective product into the stream of commerce either with knowledge or negligently unaware of its defective and toxic nature and propensity to cause harm to individuals such as Plaintiffs.

44.     As a direct and proximate result of DEFENDANTS' negligence, the toxically defective DBCP applied on banana farms specifically mentioned herein and others in Costa Rica, caused harm and injury to Plaintiffs.

45.     Wherefore, Plaintiffs pray for damages as set forth below.

## SECOND CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY
### (As to All Defendants)

46.     Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 45 above as if set forth fully herein.

47.     DEFENDANTS, at all times relevant to this action, engaged in the business of designing, manufacturing, marketing, distributing, selling, or purchasing DBCP for application on banana plantation farms specifically mentioned herein, and others in Costa Rica.

48.     DEFENDANTS knew and intended that the DBCP designed, manufactured, marketed, distributed, sold, or purchased by DEFENDANTS would be used by Plaintiffs without inspection for defects in the product. In response to the EPA's ban on general use in the United States in 1979, DEFENDANTS continued to expressly distribute and purchase DBCP for use on banana farm plantations throughout Central America.

49.     The DBCP in question was, at the time of purchase, defective and unsafe for its intended purpose in that it was not safe but was instead toxic with various chemicals harmful to the human body that resulted in the potential for sterility and other serious injuries.

18

309517

**COMPLAINT**

50. Millions of pounds of DBCP were applied on banana plantation farms throughout Costa Rica by Plaintiffs, who were not aware of the hazards of the pesticide. Plaintiffs suffered severe mental and physical injuries as a result of exposure to DBCP. The DBCP was the actual and proximate cause of the mental and physical injuries suffered by Plaintiffs.

51. Plaintiffs are informed and believe, and thereon, allege that DEFENDANTS:

    a. knew or should have known that the DBCP designed, manufactured, marketed, distributed, sold, or purchased by DEFENDANTS for subsequent use on banana farms throughout Costa Rica was toxically defective and unreasonably dangerous in the manner alleged above;

    b. knew or should have known that because of the toxic defect, the exported DBCP could not safely be used for the purposes for which it was intended;

    c. knew or should have known that the exported DBCP was defective and dangerous, and in conscious disregard of the safety of the Plaintiffs, placed it in the stream of commerce within Central American markets;

    d. knew or should have knows that when the exported DBCP was placed in the stream of commerce, it would be sold to BANANA FARM DEFENDANTS and used by the Plaintiffs for application.

    e. represented that the exported DBCP was safe when in fact it was toxic and was reported to have substantial adverse health effects in humans.

52. DEFENDANTS, in designing, manufacturing, marketing, distributing, selling, or purchasing DBCP, had a duty to Plaintiffs to do so in a reasonable manner and to ensure that the product was without defect. DEFENDANTS breached these duties by placing a defective

309517

product into the stream of commerce when they knew or reasonably should have knows of the product's defective nature and of its propensity to cause harm to individuals such as Plaintiffs.

53.     By placing toxic DBCP in the stream of commerce, CHEMICALDEFENDANTS impliedly represented that they were safe for the purpose for which they were intended. As a direct and proximate result of DEFENDANTS' conduct in the designing, manufacturing, marketing, distributing, selling, or purchasing the toxically defective and dangerous pesticide known as DBCP for use on those banana plantation farms specifically mentioned herein and others in Costa Rica, Plaintiffs have been injured.

54.     Wherefore, named Plaintiffs pray for damages as set forth below.

### THIRD CAUSE OF ACTION

PRODUCTS LIABILITY-DEFECT IN DESIGN,
MANUFACTURE, AND CHEMICAL COMPOSITION
(As to Chemical Defendants)

55.     Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 54 above as if set forth fully herein.

56.     The millions of pounds of exported DBCP that are the subject of the instant action were not reasonably fit, suitable, or safe for their intended use by reason of a toxic defect in their design, manufacture, or chemical composition, which caused them to be unreasonably dangerous to humans.

57.     The defect in design, manufacture, or chemical composition existed at the time CHEMICAL DEFENDANTS placed the DBCP into the stream of commerce.

58.     The DBCP was used in its intended and reasonably foreseeable way when it caused injury to Plaintiffs.

309517
**COMPLAINT**

59.   As a direct and proximate result thereof, Plaintiffs have been injured and damaged.

60.   Wherefore, named Plaintiffs pray for damages as set forth below.

### FOURTH CAUSE OF ACTION

#### PRODUCTS LIABILITY-BREACK OF WARRANTY
(As to All Defendants)

61.   Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 60 above as if set forth fully herein.

62.   CHEMICAL DEFENDANTS as the designer, manufacturer, marketer, distributor, or seller expressly warranted that the DBCP was fit for its intended purpose in that said product would conform to the specifications thereof.

63.   DEFENDANTS also breached the warranty implied in the contract for the sale and subsequent use of goods in that the goods could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose in that they were highly toxic and unsafe and therefore unreasonably dangerous. As a result, Plaintiffs did not receive the goods as impliedly warranted by DEFENDANTS to be merchantable.

64.   DEFENDANTS impliedly warranted that the DBCP was fit for the purpose for which it was designed in that it was safe, and a suitable instrumentality for use on banana plantation farms specifically mentioned herein and others in Costa Rica. In reliance upon DEFENDANTS' skill and judgment and the implied warranties of fitness for the purpose, Plaintiffs applied DBCP on those banana plantation farms specifically mentioned herein and others in Costa Rica.

309517

21

**COMPLAINT**

65.     The DBCP was sold to BANANA FARM DEFENDANTS with the knowledge and intent that the DBCP be used for the benefit of banana production on plantation farms throughout Costa Rica. Plaintiffs' employers, BANANA FARM DEFENDANTS, utilized the toxic DBCP by ordering Plaintiffs to apply it around banana trees and compensating Plaintiffs at an unreasonably low rate of pay.

66.     The DBCP was not altered by Plaintiffs, or other third parties. The DBCP was defective when it left the exclusive control of CHEMICAL DEFENDANTS, and BANANA FARM DEFENDANTS knew the DBCP would be used without additional tests for toxicity. The DBCP was contaminated and unfit for its intended purpose and Plaintiffs did not receive the goods as warranted.

67.     As a direct and proximate cause of DEFENDANTS' breach of express warranty, Plaintiffs have been injured and damaged.

68.     Wherefore, named Plaintiffs pray for damages as set forth below.

## FIFTH CAUSE OF ACTION

### FRAUDULENT MANAGEMENT
(As to Banana Farm Defendants)

69.     Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 68 above as if set forth fully herein.

70.     As described above, DEFENDANTS designed, manufactured, marketed, distributed, sold, or purchased containers of toxic DBCP for application on those plantation farms specifically mentioned herein and others in Costa Rica. Once BANANA FARM DEFENDANTS learned that the DBCP was toxic, they had a duty to Plaintiffs to discontinue use of the product, as it was unreasonable dangerous. BANANA FARM DEFENDANTS breached

22

309517

**COMPLAINT**

1  this duty when they failed to institute any product recall upon learning that the exported DBCP

2  was toxic.

3      71.    As a direct and proximate result of BANANA FARM DEFENDANTS' fraudulent

4

5  management regarding the application of DBCP, Plaintiffs have been injured.

6      72.    Wherefore, named Plaintiffs pray for damages as set forth below.

7                        **SIXTH CAUSE OF ACTION**

8                      INTENTIONAL MISREPRESENTATION
9                          (As to All Defendants)

10     73.    Plaintiffs incorporate by reference each allegation contained in paragraphs 1

11 through 72 above as if set forth fully herein.

12
13     74.    At all times herein referred to, CHEMICAL DEFENDANTS were engaged in the

14 business of designing, manufacturing, marketing, distributing, or selling DBCP, which is the

15 subject of the instant litigation, for use on banana plantation farms specifically mentioned herein

16 and others in Costa Rica.

17     75.    CHEMICAL DEFENDANTS, acting through their officers, agents, servants,
18
19 representatives, or employees, distributed the toxic DBCP to BANANA FARM DEFENDANTS

20 and various other distribution channels.

21     76.    BANANA FARM DEFENDANTS willfully, falsely, and knowingly

22 misrepresented material facts relating to the character and quality of DBCP. These

23 misrepresentations are contained in carious media advertising and documentation disseminated
24
25 or caused to be disseminated by CHEMICAL DEFENDANTS, and such misrepresentations were

26 reiterated and disseminated by officers, agents, representatives, servants, or employees of

27 CHEMICAL DEFENDANTS, acting within the line and scope of their authority, so employed

28 by CHEMICAL DEFENDANTS to merchandise and market the product. Specifically,

309517

23

**COMPLAINT**

1  DEFENDANTS knew that there were significant health risks associated with exposure to DBCP,

2  yet CHEMICAL DEFENDANTS continued to distribute DBCP, and BANANA FARM

3  DEFENDANTS continued to purchase DBCP, for application on banana plantation farms

4  specifically mentioned herein and others in Costa Rica.

5

6      77.    All DEFENDANTS continue to intentionally violate Plaintiffs' rights by inducing

7  them to sign fraudulent releases. Defendants have not been and are engaging in a campaign to

8  purchase releases of Plaintiffs' DBCP claims under conditions in which the purported releasers

9  are encouraged to act based on inaccurate information about their reproductive impairments and

10 without the advise of counsel. DEFENDANTS have made material false misrepresentations to

11 Plaintiffs, knowing that the misrepresentations were false or made recklessly without any

12 knowledge and as a positive assertion.

13

14     78.    Defendants' settlement campaign and false misrepresentations consists of some of

15 the following acts outside the presence and without the knowledge of Plaintiffs' counsel:

16 Defendant or their agents (1) seek out workers (Plaintiffs in this case) who were exposed to

17 DBCP; (2) tell workers that their DBCP claims may be settled quickly but only if the claimants

18 are not represented by counsel; (3) tell workers who are already represented that such

19 representation is "not important" or "does not matter"; (4) provide workers with an "attorney"

20 who received a percentage of the less than adequate recovery to ostensibly "assist" in the

21 execution of the release; (5) instruct workers to go to a clinic for a semen test and give them

22 money to cover associated food and travel expenses; (6) tell DBCP-affected workers that their

23 claims are without merit but, nevertheless, may be settled quickly (as a form of "assistance") so

24 long as plaintiffs' lawyers are not involved; and (7) eventually offer workers between 400,000

25 and 900,000 colones (approximately $2,900 to $6,500) to release all their related claims.

26

27

28

24

309517

**COMPLAINT**

DEFENDANTS and their agents also tell workers that plaintiffs' lawyers will "charge [DBCP exposed workers] 60 to 70 percent of the recoveries" while the defendants will "charge them nothing."

79.   A significant number of Plaintiffs have relied to their detriment on and have been harmed by DEFENDANTS by signing releases. As a result of Defendants' fraudulent acts, the misinformed workers (Plaintiffs in this case), do not understand: (1) whom they are purportedly releasing; (2) whom they are potentially biding in their releases; and (3) that they are compromising their claims for amounts substantially less than that for which virtually identical claims in similar litigation have been settled. Plaintiffs have been further harmed by DEFENDANTS' fraudulent acts because even if the releases are thereafter invalidated as a result of being fraudulently and unfairly obtained, they will present a serious obstacle to a fair and expeditious resolution of Plaintiffs' DBCP claims by forcing Plaintiffs to expend court time and resourced to prove the fraudulent nature of such releases.

80.   DEFENDANTS' representations were made with the intent that the general public, including Plaintiffs, rely upon them. DEFENDANTS' representations were made with knowledge of the falsity of such statements, or in reckless disregard of the truth thereof.

81.   In actual and reasonable reliance upon DEFENDANTS' misrepresentations, Plaintiffs used the DBCP for their intended and reasonable foreseeable purposes: i.e., controlling plant plagues and prevention of diseases and insects associated with banana production. Plaintiffs were unaware of the existence of facts that DEFENDANTS suppressed and failed to disclose. If they had been aware of the suppressed facts, Plaintiffs would not have used DBCP.

82.   Plaintiffs are informed and believe, and thereon allege, that DEFENDANTS misrepresented material facts with the intent to defraud Plaintiffs. Plaintiffs were unaware of the

309517

1  intent of DEFENDANTS and relied upon the representations of DEFENDANTS in agreeing to

2  apply the DBCP. Plaintiffs' reliance on the representations of DEFENDANTS was reasonable.

3
4      83.    In actual and reasonable reliance upon MANUFACTURER DEFENDANTS'

5  misrepresentations, Plaintiffs applied the DBCP in the way in which it was intended, the direct

6  and proximate result of which was injury and harm to the Plaintiffs.

7      84.    Wherefore, named Plaintiffs pray for damages as set forth below.

8
9                          **SEVENTH CAUSE OF ACTION**

10                          FRAUD BY CONCEALMENT
                            (As to All Defendants)

11     85.    Plaintiffs incorporate by reference each allegation contained in paragraphs 1

12
13  through 84 above as if set forth fully herein.

14     86.    Plaintiffs are informed and believe, and thereon allege, that DEFENDANTS knew

15  that there was a high probability that DBCP manufactured from January 1, 1970 thereafter was

16  not safe for application, but was in fact highly toxic, and concealed this fact.

17     87.    DEFENDANTS had a duty to disclose this information to Plaintiffs.

18
19  DEFENDANTS failed to timely disclose this information to Plaintiffs. Further, DEFENDANTS

20  actively suppressed and concealed the fact that there was a high probability that DBCP

21  manufactured from January 1, 1970 thereafter was not safe for application, but was in fact highly

22  toxic.

23     88.    DEFENDANTS concealed such information for the purpose of inducing the use

24  of the DBCP designed, manufactured, distributed, and sold by CHEMICAL DEFENDANTS.

25

26     89.    Plaintiffs were unaware of the existence of facts, which DEFENDANTS failed to

27  disclose and actively suppressed and concealed. If they had been aware of the facts not disclosed

28  by DEFENDANTS, they would not have agreed to the use of the toxic DBCP. Plaintiffs are

309517

26

**COMPLAINT**

1 informed and believe and thereon allege that DEFENDANTS concealed such material facts with

2 the intent to defraud Plaintiffs. Under the circumstances, especially since DEFENDANTS

3 omitted and concealed material facts, Plaintiffs' reliance on the representations of

4 DEFENDANTS was reasonable.

5

6    90.    As a result of DEFENDANTS' material omissions, failure to disclose, and active

7 concealment, Plaintiffs used BANANA FARM DEFENDANTS' toxic DBCP purchased from

8 CHEMICAL DEFENDANTS, and used it in the way in which it was intended, the direct and

9 proximate result of which was injury and harm to the Plaintiffs.

10

11    91.    Wherefore, named Plaintiffs pray for damages as set forth below.

12                          **EIGHTH CAUSE OF ACTION**

13                          GENERAL NEGLIGENCE
                            (As to All Defendants)
14

15 **A.    Negligent Recall**

16    92.    Plaintiffs incorporate by reference each allegation contained in paragraphs 1

17 through 91 above as if set forth fully herein.

18

19    93.    As described above, DEFENDANTS designed, manufactured, marketed,

20 distributed, or sold DBCP. Once DEFENDANTS learned that DBCP was toxic and unreasonable

21 dangerous and defective, they had a duty to Plaintiffs to institute an effective product recall.

22    94.    DEFENDANTS breached this duty not only when they failed to institute any

23 product recall upon learning the DBCP was toxic and unreasonably dangerous and defective, but

24 also when they failed to institute an effective product recall after receiving a letter from the

25 Occupational Safety and Health Administration on August 12, 1972, calling their attention to the

26 hazard of worker exposure to DBCP.  As a direct and proximate result of DEFENDANTS'

27 failure to effectively recall the DBCP, Plaintiffs have been injured.

28

27

309517

**COMPLAINT**

95.    Wherefore, Plaintiffs pray for damages as set forth below.

**B.    Negligent Misrepresentation**

96.    Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 95 above as if set forth fully herein.

97.    DEFENDANTS negligently and recklessly misrepresented various material facts regarding the quality and character of their product, under circumstances where DEFENDANTS either knew or, in the exercise of reasonable care, should have known that the representations were  not true or were not known to be true. These misrepresentations were contained in carious packaging, labeling and correspondence from DEFENDANTS, and such misrepresentations were further reiterated and disseminated by the officers, agents, representatives, servants, or employees of DEFENDANTS acting within the scope of their authority.

98.    In reliance upon these misrepresentations, Plaintiffs used DBCP distributed through BANANA FARM DEFENDANTS on plantation farms specifically mentioned herein and others in Costa Rica. Had Plaintiffs knows the true facts, including, but not limited to, the fact that the DBCP was toxic and therefore unsafe and unreasonably dangerous, they would not have used the DBCP designed, manufactured, marketed, distributed, and sold by CHEMICAL DEFENDANTS.

99.    As a direct and proximate consequence of DEFENDANTS' negligent misrepresentations, Plaintiffs have been injured.

100.    Wherefore, named Plaintiffs pray for damages as set forth below.

**C.    Negligent Distribution**

101.    Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 100 above as if set forth herein.

309517

**COMPLAINT**

102.   DEFENDANTS negligently and recklessly distributed DBCP after DEFENDANT knew or, in the exercise of reasonable care, should have known that said product was unreasonably dangerous and would cause sterility. As described above, DEFENDANTS designed, manufactured, marketed, distributed, or sold DBCP. Once DEFENDANTS learned that DBCP was toxic ad unreasonably dangerous and defective, they had a duty to Plaintiffs to cease distribution.

103.   DEFENDANTS breached this duty when they continued distributing DBCP after learning from Occupational Safety and Health Administration on August 2, 1977 that DBCP was highly toxic and unreasonably dangerous.

104.   As a direct and proximate result of DEFENDANTS' failure to cease distribution of the DBCP, Plaintiffs have been injured.

105.   Wherefore, Plaintiffs pray for damages as set forth below.

## NINTH CAUSE OF ACTION

### CONSPIRACY
(As to all Defendants)

106.   Plaintiffs incorporate by reference each allegation contained in paragraphs 1 through 105 above as if set forth fully herein.

107.   DEFENDANTS knowingly and willfully conspired and agreed among themselves, in various indemnity agreements, to commit the aforementioned tortuous acts. DEFENDANTS did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged indemnity agreements. DEFENDANTS furthered the conspiracy by cooperation with and encouragement to each other in that all DEFENDANTS contributed to the manufacturing, marketing, distribution, and application of DBCP after the DEFENDANTS

29

309517

**COMPLAINT**

knew or, in the exercise of reasonable care, should have known that DBCP was an unreasonably dangerous product or would cause sterility.

108.   As a direct and proximate result of DEFENDANTS' conspiracy, Plaintiffs have been injured.

109.   Wherefore, Plaintiffs pray for damages as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against DEFENDANTS, as follows:

110.   For special damages according to proof;

111.   For general damages according to proof;

112.   For punitive and exemplary damages in causes of action 1, 2, 3, 4, 5, 6, 7, and 9 the basis for which will be proven at trial. Said exemplary or punitive damages are due and awardable pursuant to the actions of Defendants described above, including fraud and deceit, wanton and reckless acts of commission and omission, and outrageous and malicious conduct, in an amount in favor of each Plaintiff, as a multiple of each Plaintiffs' compensatory damages, all totaled to an amount sufficient to punish said Defendants so as to deter it and others like it from similar wrongdoing;

113.   Prejudgment interest; and post judgment interest;

114.   For Plaintiffs' attorney fees and costs of suit incurred herein;

///

///

///

///

309517

30

**COMPLAINT**

115.   Such further legal and equitable relief as this court may deem.

Respectfully Submitted,

DATED:  December 8, 2008

**ENGSTROM, LIPSCOMB & LACK
PROVOST * UMPHREY LAW FIRM**

By:  _____

     WALTER J. LACK
     ELIZABETH CROOKE
     ANN HOWITT

     JOE J. FISHER II
     MARK SPARKS
     Attorneys for Plaintiffs

31

309517

**COMPLAINT**

# COSTA RICA APPENDIX B

| NO. | Last Name | First Name | Cédula |
|-----|-----------|------------|--------|
| 1 | ACOSTA CORTES | JORGE | 51481174 |
| 2 | ACUÑA AGÜERO | ANTONIO | 1497014 |
| 3 | ACUÑA MURILLO | GERARDO | 1491893 |
| 4 | AGÜERO ARTAVIA | JAVIER RAMÓN | 5158894 |
| 5 | AGÜERO MORA | TEODORO | 6105507 |
| 6 | AGUILAR CÉSPEDES | VÍCTOR HUGO | 7085589 |
| 7 | AGUILAR MONTERO | JOSÉ JOAQUÍN | 6111793 |
| 8 | AGUILAR MORA | OSCAR | 31901299 |
| 9 | AGUILAR SOLANO | ALBINO | 3232263 |
| 10 | AGUIRRE AGUIRRE | JOSÉ SIMÓN | 6054010 |
| 11 | AGUIRRE AGUIRRE | JOSÉ FRANCISCO | 5144547 |
| 12 | AGUIRRE VILLAGRA | ALFONSO | 5090355 |
| 13 | AGUIRRE ZUÑIGA | SANTOS VIANNEY | 5175062 |
| 14 | ALVARADO RÍOS | CLEMENTE | 5085081 |
| 15 | ALVARADO ZAMORA | ALCIDES | 5129364 |
| 16 | ALVAREZ AGUIRRE | ÁNGEL JULIÁN | 7064453 |
| 17 | ALVAREZ ALVAREZ | ANTONIO | 7047271 |
| 18 | ALVAREZ ALVAREZ | LUIS ANTONIO | 5159419 |
| 19 | ALVAREZ BUSTOS | JESÚS | 5195826 |
| 20 | ALVAREZ DÍAZ | SIGIFREDO | 5118325 |
| 21 | ALVAREZ MORALES | ROQUE | 7037365 |
| 22 | ALVAREZ ROSALES | HERNÁN | 5118191 |
| 23 | ALVAREZ RUIZ | GIOVANNI | 6173690 |
| 24 | ALVAREZ VILLATORO | VÍCTOR MANUEL | 2201009183794 |

32

309517

COMPLAINT

| 25 | ANGULO ANGULO | JOSÉ ELVIS | 5189363 |
|----|---------------|------------|---------|
| 26 | ARAGON MIRANDA | FERNANDO | 5081176 |
| 27 | ARAGÓN MIRANDA | SERGIO | 5113231 |
| 28 | ARAGÓN RUGAMA | CRISTÓBAL ALBERTO | 5073859 |
| 29 | ARAYA ALVAREZ | MARVIN | 7060129 |
| 30 | ARAYA BOLAÑOS | JOSE ANGEL | 9033674 |
| 31 | ARAYA HERNÁNDEZ | CLAUDIO | 7033467 |
| 32 | ARAYA ORTEGA | JUAN | 3211036 |
| 33 | ARAYA ROJAS | BENEDICTO | 2228468 |
| 34 | ARCE BEJARANO | JOSÉ DONALDO | 8064040 |
| 35 | ARCE QUESADA | VICTOR JULIO | 51391334 |
| 36 | ARCE RETANA | ELIÉCER | 5144332 |
| 37 | ARGUEDAS MUÑOZ | VICTOR | 5086437 |
| 38 | ARIAS ÁVILA | VIDAL | 5132684 |
| 39 | ARIAS MEZA | GILBERTO | 7071306 |
| 40 | ARIAS PANIAGUA | HERMINIO | 3123072 |
| 41 | ARIAS SOLANO | BIENVENIDO | 3230128 |
| 42 | ARIAS VILLALOBOS | EDUARDO | 7063959 |
| 43 | ÁVILA CAMBRONERO | RAFAEL ANTONIO | 3140807 |
| 44 | AVILÉS JUAREZ | HUGO | 5218394 |
| 45 | BALDELOMAR BALDELOMAR | RICARDO ALBERTO | 2707684531730 |
| 46 | BALTODANO BALTODANO | EDUARDO FAUSTO | 5115699 |
| 47 | BALTODANO DÍAZ | VIRGILIO | 5136855 |
| 48 | BALTODANO DÍAZ | MÉRIDO | 5112538 |
| 49 | BALTODANO ZÚÑIGA | JOSÉ MARVIN | 5180987 |
| 50 | BARAHONA FONSECA | ALFONSO | 7047566 |

33

309517

**COMPLAINT**

| 51 | BARAHONA FONSECA | OLIVIER GERARDO | 9049589 |
| 52 | BARBOZA FERNÁNDEZ | HUGO | 1301402 |
| 53 | BARBOZA MENDOZA | AMALIO | 7064696 |
| 54 | BARQUERO BARQUERO | JOSÉ FRANCISCO | 7042317 |
| 55 | BARQUERO CAMPOS | JESUS MARIA | 51391256 |
| 56 | BARQUERO PICADO | CARLOS LUIS | 7039234 |
| 57 | BARRIOS BARRIOS | CARLOS LUIS | 61051359 |
| 58 | BENAVIDES ESQUIVEL | LUIS ÁLVARO | 2266262 |
| 59 | BERROCAL CHINCHILLA | JOVEL | 6088814 |
| 60 | BERROCAL JIMÉNEZ | GABRIEL | 6074229 |
| 61 | BOJORGE APU | FRANCISCO | 6057480 |
| 62 | BOLAÑOS MONTOYA | AGUSTÍN | 7067211 |
| 63 | BOLAÑOS MONTOYA | GERVASIO | 7052707 |
| 64 | BOLÍVAR SILES | RIGOBERTO | 6132117 |
| 65 | BONILLA MADRIGAL | RAFAEL | 3124899 |
| 66 | BONILLA ZÚÑIGA | SILVERIO | 5158330 |
| 67 | BRAVO HERNÁNDEZ | HERIBERTO | 3206838 |
| 68 | BRENES CISNEROS | JOSÉ | 7058579 |
| 69 | BRENES CRUZ | JESUS FRANCISCO | 61051487 |
| 70 | BRENES GUEVARA | ALEJANDRO | 9033565 |
| 71 | BRENES LEÓN | EDWIN RUBÉN | 70481173 |
| 72 | BRENES MARTÍNEZ | CÉSAR AURELIO | 7037605 |
| 73 | BRENES MORA | EDGAR | 7055512 |
| 74 | BRICEÑO MACOTELO | REMBERTO | 5155831 |
| 75 | BRIONES GARCÍA | BENEDICTO | 51401290 |
| 76 | BRIONES RANGEL | JOSÉ LEÓN | 5135027 |

309517

| 77 | BUZANO VEGA | JOSÉ GREGORIO | 51471461 |
| 78 | CALDERÓN BARBOZA | JOSÉ LUIS | 3262328 |
| 79 | CALDERÓN SOLANO | OLDEMAR | 7081614 |
| 80 | CALVO VARGAS | MELVIN | 7046267 |
| 81 | CAMBRONERO GUERRERO | RAFAEL ÁNGEL | 7044353 |
| 82 | CAMPOS CAMPOS | JOSÉ ALBERTO | 9042496 |
| 83 | CAMPOS ZUMBADO | FRANCISCO | 22781275 |
| 84 | CARBALLO BARRIENTOS | RODOLFO | 6065606 |
| 85 | CARBALLO VARGAS | MARINO | 6116774 |
| 86 | CÁRDENAS GARCÍA | JOSÉ LIDIER | 5133803 |
| 87 | CARRILLO CARRILLO | JUAN PABLO | 51451297 |
| 88 | CARRILLO MATARRITA | FÉLIX | 5112087 |
| 89 | CARRILLO MATARRITA | CAMILO | 5111438 |
| 90 | CARRILLO OBREGÓN | FRANCISCO | 5140864 |

309517

35

**COMPLAINT**

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
WALTER J. LACK, ESQ. (SBN 57550)
ENGSTROM, LIPSCOMB & LACK
10100 SANTA MONICA BL, 12th FL, L.A., CA 90067

TELEPHONE NO.: 310-552-3800     FAX NO. (Optional): 310-552-9434
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiffs, ACOSTA CORTES, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: SUPERIOR COURT - CENTRAL
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 8 , 2008

JOHN A. CLARKE, CLERK

BY MARY GARCIA, DEPUTY

PLAINTIFF/PETITIONER: ACOSTA CORTES, et al.

DEFENDANT/RESPONDENT: DOLE FOOD CO., INC., et al.

CASE NUMBER:
BC403364

JUDICIAL OFFICER:

**NOTICE OF RELATED CASE**

DEPT.:

---

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: ANGEL ABARCA ABARCA, et al. v. DOLE FOOD CO., INC., et al.

   b. Case number: BC322412 (LEAD to BC331844,45&46)

   c. Court: ☐ same as above

      ☒ other state or federal court *(name and address):* LASC-CENTRAL CIVIL WEST

   d. Department:     600 S. Commonwealth Ave,L.A.,CA 90005

   e. Case type: ☐ limited civil ☒ unlimited civil ☐ probate ☐ family law ☐ other *(specify):*

   f. Filing date: 10/01/04

   g. Has this case been designated or determined as "complex?" ☒ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☒ Involves the same parties and is based on the same or similar claims.

      ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ Involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☐ Additional explanation is attached in attachment 1h

   i. Status of case:

      ☒ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

2. a. Title:

   b. Case number:

   c. Court: ☐ same as above

      ☐ other state or federal court *(name and address):*

   d. Department:

| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | CEB | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|---|

CM-015

| PLAINTIFF/PETITIONER: ACOSTA CORTES, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOLE FOOD CO., INC., et al. | |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 2h

   i. Status of case:

   ☐ pending

   ☐ dismissed ☐ with ☐ without prejudice

   ☐ disposed of by judgment

3. a. Title:

   b. Case number:

   c. Court: ☐ same as above

   ☐ other state or federal court *(name and address)*:

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:

   f. Filing date:

   g. Has this case been designated or determined as "complex?" ☐ Yes ☐ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

   ☐ involves the same parties and is based on the same or similar claims.

   ☐ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

   ☐ involves claims against, title to, possession of, or damages to the same property.

   ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

   ☐ Additional explanation is attached in attachment 3h

   i. Status of case:

   ☐ pending

   ☐ dismissed ☐ with ☐ without prejudice

   ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: December 8, 2008

WALTER J. LACK

(TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ *Walter Lack*

(SIGNATURE OF PARTY OR ATTORNEY)

CM-015

| PLAINTIFF/PETITIONER: ACOSTA CORTES, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DOLE FOOD CO., INC., et al. | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*


2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:

   a. Name of person served:            c. Name of person served:

       Street address:                  Street address:
       City:                           City:
       State and zip code:           State and zip code:


   b. Name of person served:            d. Name of person served:

       Street address:                  Street address:
       City:                           City:
       State and zip code:           State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME OF DECLARANT)                  (SIGNATURE OF DECLARANT)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
**ENGSTROM, LIPSCOMB & LACK**
**10100 SANTA MONICA BLVD. 16th Floor**
**LOS ANGELES, CA 90067**
TELEPHONE NO.: **310 552-3800**     FAX NO. *(Optional):* **310 552-9434**
EMAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*  **CORTES**

**FILED**
**LOS ANGELES SUPERIOR COURT**

DEC 1 5 2008

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES.
STREET ADDRESS: **111 North Hill Street**
MAILING ADDRESS: **Room 109**
CITY AND ZIP CODE: **Los Angeles 90012**
BRANCH NAME: **Central District, Stanley Mosk Courthouse**

PLAINTIFF/PETITIONER: **CORTES**

DEFENDANT/RESPONDENT: **DOLE FOOD COMPANY, INC.**

**PROOF OF SERVICE OF SUMMONS**

CASE NUMBER:
**BC403364**

Ref. No. or File No.:
**38000/2733/ACOSTA CORTES**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   **Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Related Case; Notice of Case Assignment; Adr Information Packet**

3. a. Party served *(specify name of party as shown on documents served):*
   **DOLE FRESH FRUIT COMPANY**

   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **MARGARET WILSON, PROCESS SPECIALIST/ AGENT FOR SERVICE OF PROCESS, A white female approx. 55-65 years of age 5'4"-5'6" in height weighing 120-140 lbs with gray hair**

4. Address where the party was served:
   **CT CORPORATION SYSTEM, 818 W 7TH Street, LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* **12/10/2008**   (2) at *(time):* **2:00 PM**
   b. [   ] **by substituted service.** On *(date):*   (2) at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) [   ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [   ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [   ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or [   ] a declaration of mailing is attached.

   (5) [   ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 5640145 LAX FIL



| PLAINTIFF/PETITIONER: **CORTES** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **DOLE FOOD COMPANY, INC.** | **BC403364** |

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:    (2) from *(city)*:

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)

    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [ ] as an individual defendant.

    b. [ ] as the person sued under the fictitious name of *(specify):*

    c. [ ] as occupant

    d. [ X ] On behalf of *(specify):* **DOLE FRESH FRUIT COMPANY**
        under the following Code of Civil Procedure section:

        [ X ] 416.10 (corporation)               [ ] 415.95 (business organization, form unknown)

        [ ] 416.20 (defunct corporation)           [ ] 416.60 (minor)

        [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)

        [ ] 416.40 (association or partnership)        [ ] 416.90 (authorized person)

        [ ] 416.50 (public entity)                 [ ] 415.46 (occupant)

                                           [ ] other

7. **Person who served papers**

    a. Name:                 **Mario Lopez**

    b. Address:           **261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012**

    c. Telephone number:    **213-621-9999**

    d. The fee for service was:    **$59.50**

    e. I am:

        (1) [ ] not a registered California process server.

        (2) [ ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [ X ] registered California process server:

                (i) [ ] owner  [ ] employee  [ X ] independent contractor

                (ii) [ X ] Registration No.:  **5143**

                (iii) [ X ] County:       **Los Angeles**

BY FAX

8. [ X ] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal and I certify** that the foregoing is true and correct.

Date:  **12/12/2008**

| _____ | _____ |
|---|---|
| **Mario Lopez** |  |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>**ENGSTROM, LIPSCOMB & LACK**<br>10100 SANTA MONICA BLVD. 16th Floor<br>LOS ANGELES, CA 90067 | FOR COURT USE ONLY<br>**FILED**<br>**LOS ANGELES SUPERIOR COURT** |
|---|---|
| TELEPHONE NO.: **310 552-3800**   FAX NO. *(Optional):* **310 552-9434** | **DEC 1 5 2008** |
| EMAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* **JORGE ACOSTA CORTES** | **JOHN A. CLARKE, CLERK** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES. | BY RAUL SANCHEZ DEPUTY |
|---|---|
| STREET ADDRESS: **111 North Hill Street** | |
| MAILING ADDRESS: **Room 109** | |
| CITY AND ZIP CODE: **Los Angeles 90012** | |
| BRANCH NAME: **Central District, Stanley Mosk Courthouse** | |

| PLAINTIFF/PETITIONER: **JORGE ACOSTA CORTES** | CASE NUMBER:<br>**BC403364** |
|---|---|
| DEFENDANT/RESPONDENT: **DOLE FOOD COMPANY, INC.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**38000/2733/ACOSTA CORTES** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Related Case; Notice of Case Assignment; Adr Information Package

3. a. Party served *(specify name of party as shown on documents served):*
      **DOLE FOOD COMPANY, INC.**
   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      **Margaret Wilson, Process Specialist/Agent for Service of Process, A white female approx. 55-65 years of age 5'4"-5'6" in height weighing 120-140 lbs with gray hair**

4. Address where the party was served:
   **CT CORPORATION SYSTEM, 818 W 7TH Street, LOS ANGELES, CA 90017**

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* **12/10/2008**   (2) at *(time):* **2:00 PM**
   b. [    ] **by substituted service.** On *(date):*   (2) at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [    ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [    ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [    ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [    ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*          from *(city):*          or [    ] a declaration of mailing is attached.
      (5) [    ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

Order No. 5276056 LAX FIL

| PLAINTIFF/PETITIONER:  JORGE ACOSTA CORTES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  DOLE FOOD COMPANY, INC. | BC403364 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [  ] as an individual defendant.
    b. [  ] as the person sued under the fictitious name of *(specify):*
    c. [  ] as occupant
    d. [ X ] On behalf of *(specify):* **DOLE FOOD COMPANY, INC.**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**
    a. Name:             **Mario Lopez**
    b. Address:         **261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012**
    c. Telephone number:   **213-621-9999**
    d. The fee for service was:   **$99.50**
    e. I am:
        (1) [  ] not a registered California process server.
        (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
        (3) [ X ] registered California process server:

                (i) [  ] owner  [  ] employee  [ X ] independent contractor
                (ii) [ X ] Registration No.:  **5143**
                (iii) [ X ] County:        **Los Angeles**

**BY FAX**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **12/12/2008**



        **Mario Lopez**
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)              (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Order No. 5276056 LAX FIL



NOTICE SENT TO:

Lack, Walter, J., Esq.
Engstrom, Lipscomb & Lack
10100 Santa Monica Blvd., 12th Floor
Los Angeles         CA   90067

**FILED**
LOS ANGELES SUPERIOR COURT
FILE STAMP

DEC 2 3 2008

JOHN A. CLARKE, CLERK
BY A. OLMOS, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

JORGE ACOSTA CORTES ET AL

Plaintiff(s),

VS.

DOLE FOOD COMPANY INC ET AL

Defendant(s).

CASE NUMBER

BC403364

**Notice of Case Reassignment and of
Order for Plaintiff to Give Notice**

**TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN
PROPRIA PERSONA:**

YOU ARE HEREBY NOTIFIED that effective January 2, 2009 , an order was made that the above-
entitled action, previously assigned to Irving Feffer , is now and shall be assigned to
 Abraham Khan as an Individual Calendar (IC), direct calendaring judge for all purposes,
including trial, in Department 51 . (See Chapter 7, Los Angeles Court Rules.) All matters on
calendar in this case will remain set on the dates previously noticed, in the Department indicated above
unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall
give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this
action within 10 days of service of this Notice by the court, and file proof of service thereof within
12 days of this Notice.  Failure to timely give notice and file proof of service may lead to imposition
of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order
upon each party or counsel named above by depositing in the United States mail at the courthouse in Los
Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each
address as shown above with the postage thereon fully prepaid.

Date: December 23, 2008                                 John A. Clarke, EXECUTIVE OFFICER/CLERK

**A. OLMOS**

By_____,Deputy Clerk

NOTICE SENT TO:

Fisher, Joe J., II
Provost*Umphrey Law Firm
P.O. Box 4905
Beaumont          TX    77704

**FILED**
LOS ANGELES SUPERIOR COURT

DEC 2 3 2008

JOHN A. CLARKE, CLERK

BY A. OLMOS, DEPUTY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| JORGE ACOSTA CORTES ET AL <br><br> Plaintiff(s), <br><br> VS. <br><br> DOLE FOOD COMPANY INC ET AL <br><br> Defendant(s). | CASE NUMBER <br><br> BC403364 <br><br><br> **Notice of Case Reassignment and of Order for Plaintiff to Give Notice** |

**TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:**

YOU ARE HEREBY NOTIFIED that effective  January 2, 2009 , an order was made that the above-entitled action, previously assigned to  Irving Feffer , is now and shall be assigned to  Abraham Khan  as an Individual Calendar (IC), direct calendaring judge for all purposes, including trial, in Department  51 .  (See Chapter 7, Los Angeles Court Rules.) All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this all purpose case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice.  Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date:  December 23, 2008 

John A. Clarke, EXECUTIVE OFFICER/CLERK

A. OLMOS

By_____,Deputy Clerk