1

2                                                            O

3
                                                          JS - 6
4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11   JORGE ACOSTA CORTES; ET AL.     )   Case No.  CV 09-193-CAS(VBKx)
                                     )
12                                   )   **ORDER GRANTING PLAINTIFFS'**
                                     )   **MOTION FOR REMAND**
13                 Plaintiffs,       )
                                     )
14   vs.                             )
                                     )
15                                   )
     DOLE FOOD COMPANY, INC.; ET     )
16   AL.                             )
                                     )
17                                   )
                   Defendants.       )
18   _____ )

19
     I.      INTRODUCTION
20
             On December 8, 2008, plaintiffs, a group of 2,485 banana plantation workers
21
     from Costa Rica, Honduras, Panama and Guatemala, filed suit in Los Angeles County
22
     Superior Court against defendants Dole Food Company, Inc.; Dole Fresh Fruit
23
     Company; Chiquita Brands Company, North America; Chiquita Brands, Inc.; Chiquita
24
     Brands International, Inc.; Del Monte Fresh Produce N.A., Inc.; Del Monte Fresh
25
     Produce, Inc.; Del Monte Fresh Produce West Coast, Inc.; Shell Chemical Company;
26
     Shell Oil Company; The Dow Chemical Company ("Dow Chemical"); Occidental
27
     Petroleum Corporation; Occidental Chemical Company; Occidental Chemical
28

1
2
3
4
5
6
7

Corporation; and Does 1 through 100, inclusive. Plaintiffs, who have been divided, alphabetically and by country, into several cases such that each case has less than 100 plaintiffs, allege claims for (1) products liability – negligence; (2) strict products liability; (3) products liability – defect in design, manufacture, and chemical composition; (4) products liability – breach of warranty; (5) fraudulent management; (6) intentional misrepresentation; (7) fraud by concealment; (8) general negligence; and (9) conspiracy.

8
9
10
11
12
13
14

On December 10, 2008, defendants were served with the summons and complaint. On January 9, 2008, defendants removed this action to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453. Defendants argue that these actions should be considered one action for the purposes of CAFA because plaintiffs have divided their claims solely for the purpose of avoiding federal court jurisdiction under CAFA. Notice of Removal at 3 (citing Freeman v. Blue Ridge Paper Products, Inc., 2008 WL 5396249, at *1 (6th Cir. Dec. 29, 2008)).

15
16
17
18
19

On February 9, 2009, plaintiffs filed the instant motion to remand this case to Los Angeles County Superior Court pursuant to 28 U.S.C. § 1447(c). On February 23, 2009, defendant Dow Chemical filed an opposition. A hearing was held on March 9, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

20

## II.    BACKGROUND

21
22
23
24
25
26
27

Plaintiffs allege that they were injured by exposure to 1, 2-Dibromo-3-chloropropane ("DBCP"), a toxic chemical sold under the brand names "Nemagon" and "Fumazone." Plaintiffs allege that defendants have manufactured, marketed, and distributed DBCP. Plaintiffs further allege that they were exposed to DBCP as a consequence of working on banana plantations in Costa Rica, Panama, Honduras, and Guatemala, owned or operated by defendants. Plaintiffs allege that as a result of exposure to DBCP, they have "suffered sterility and other serious injuries."

28

### III.   LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal.  Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  The defendant also has the burden of showing that it has complied with the procedural requirements for removal.  Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal.  Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986).  This is known as the rule of unanimity. See Chicago, Rock Island & Pacific Railway v. Martin , 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### IV.   DISCUSSION

#### A.   Amount-in-Controversy Requirement

Plaintiffs argue that defendant has not demonstrated that the amount in controversy requirement exceeds $5,000,000, in the aggregate, or $75,000 for any

3

individual plaintiff.  Mot. at 7.  Plaintiffs contend that defendant's Notice of Removal merely alleges that "[a] review of plaintiffs' complaint indicates that the total 'matter in controversy [at the time of removal] exceeds the sum or value of $5,000,000, exclusive of interest and costs,' 28 U.S.C. § 1332(d)(2), and further indicates that the matter in controversy at the time of removal for each plaintiff 'exceeds the sum or value of $75,000.00.'"  Id. at 7-8.  Plaintiffs argue that this "mere averment" is "wholly inadequate to overcome the presumption against removal jurisdiction."  Id. at 8. Plaintiffs further argue that CAFA "does not alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction."  Id. at 9 (citing Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 686 (9th Cir. 2006)).

Defendant responds that it has "plausibly" demonstrated that the amount-in-controversy requirement has been met.  Opp'n at 12 (citing Twombly, 550 U.S. at 549). Defendant argues that the instant case is distinguishable from Abrego because (1) after Abrego was remanded to state court, 95 out of 1,160 plaintiffs in that case admitted that they were seeking more than the jurisdictional minimum; (2) in a recent case in Los Angeles Superior Court, Tellez v. Dole Food Company, Inc. L.A. S.Ct. Case No. BC 312852, foreign banana farm workers alleging injury as a result of occupational exposure to DBCP were awarded damages between $166,800 and $550,400; and (3) plaintiffs paid $26,000 in total filing fees for the 30 actions rather than $870 for a single action.  Id. at 14-15.

Defendant further responds that plaintiffs' complaint confirms that the aggregate amount-in-controversy exceeds $5,000,000.  Id. at 16.  Defendant argues that the 2,485 plaintiffs filed this action as one of "unlimited jurisdiction" in Los Angeles County Superior Court and that the "minimum jurisdictional limit" for such cases is $25,000. Id. (citing Cal. Code Civ. P. §§ 85, 86(a)(1)).  Therefore, defendant argues that the aggregate amount-in-controversy in these actions exceeds $62 million.  Id. at 17. Defendant further argues that the dispute over amount-in-controversy can be answered

1    conclusively if the Court allows defendant leave to serve two requests for admission to

2    each plaintiff asking "(1) Admit or deny that, in this lawsuit, you are seeking at

3    least $75,000 in damages" and "(2) Admit or deny that, in this lawsuit, you are not

4    seeking at least $75,000 in damages."  Id.

5         Defendant has failed to demonstrate that "even one plaintiff satisfies the $75,000

6    jurisdictional amount requirement of § 1332(a), applicable to mass actions by virtue of

7    § 1332(d)(11)(B)(i)."  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 686

8    (9th Cir. 2006).  In Abrego, the Ninth Circuit held that defendant failed to overcome the

9    "strong presumption" against removal jurisdiction and did not meet its burden of setting

10   forth the underlying facts supporting its assertion that the amount in controversy

11   exceeded $75,000.  Id. at 689.[1]  In Abrego, the notice of removal alleged

12        A review of plaintiffs' complaint indicates that the total "matter in

13        controversy [at the time of removal] exceeds the sum or value of

14        $5,000,000, exclusive of interests and costs," 28 U.S.C. § 1332(d)(2),

15        and further indicates that the matter in controversy at the time of

16        removal for each plaintiff "exceeds the sum or value of $75,000."

17        ...

18        Given the nature of the injuries claimed by Plaintiffs and the request

19        for punitive damages as a multiple of each plaintiff's compensatory

20        damages, this Court has jurisdiction over each and every plaintiff

21        because each plaintiff satisfies the "jurisdictional amount

22        requirements under subsection(a)." 28 U.S.C. § 1332(d)(11)(B)(i).

23   Id.  Defendant's allegations in this case are nearly identical

24        A review of plaintiffs' identical complaints indicates that the total

25        "matter in controversy exceeds the sum or value of $5,000,000,

26   _____

27        [1] In Abrego, the plaintiffs were 1,160 banana plantation workers from Panama whose
     allegations of exposure to the pesticide "DBCP" are nearly identical to plaintiffs'
28   allegations in the instant case.  443 F.3d at 678.

1
2
3

exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), and further

indicates that the matter in controversy for each plaintiff "exceeds the

sum or value of $75,000."

4
5
6
7
8
9

Each plaintiff alleges that as a result of exposure to the chemical

pesticide DBCP, he "suffer[s] sterility and other serious injuries," . . .

and seeks special, general and punitive damages . . . .Thus, this Court

has jurisdiction over each and every plaintiff because each plaintiff

satisfies the "jurisdictional amount requirements under subsection

(a)." 28 U.S.C. § 1332(d)(11)(B)(i).

10

Notice of Removal at 6-7. Therefore, the Court concludes that these allegations

11

"neither overcome [] the strong presumption against removal jurisdiction, nor

12

satisf[y][Dow]'s burden of setting forth, in the removal petition itself, the underlying

13

facts supporting its assertion that the amount in controversy exceeds $75,000."[2]

14

Abrego, 443 F.3d at 678.

15

**B.     "Mass Action" pursuant to CAFA**

16

Plaintiffs further argue that this case is not a "mass action" pursuant to the Class

17

Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because their

18

complaint contains less than 100 plaintiffs. Id. at 11.

19

Defendant responds that plaintiffs may not "gerrymander their lawsuit to

20
21
22
23
24
25
26
27
28

[2] At oral argument, defense counsel argued that defendants have shown, by a preponderance of the evidence that plaintiffs are seeking more than $75,000 per plaintiff. However, defendants have not shown that it is "more likely than not" that any plaintiff's claim satisfies the $75,000 jurisdictional requirement. Abrego, 443 F.3d at 689. Although 95 plaintiffs in Abrego admitted that they were seeking more than $75,000 after remand, 1,065 plaintiffs made no such admission. Furthermore, the Court cannot draw any conclusions based on the filing fees that plaintiffs paid. Lastly, the Court cannot conclude that the amount in controversy requirement is met based on a verdict won by six plaintiffs in Tellez. While the defendants argue that Tellez similarly involves banana plantation farm workers who were exposed to DBCP, they allege nothing else about the nature of the claims or injuries that would allow the Court to conclude that it is "more likely than not" that at least one of these plaintiff's is seeking more than $75,000 in damages.

6

1

2

3

4

5

circumvent CAFA."  Opp'n at 6 (citing <u>Freeman v. Blue Ridge Paper Products, Inc.</u>, 2008 WL 5396249, at *1 (6th Cir. Dec. 29, 2008); <u>Proffitt v. Abbott Laboratories</u>, No. 2:08-CV-151, 2008 WL 4401367, at *5 (E.D. Tenn. Sept. 23, 2008)).  Defendant argues that plaintiffs cannot artificially splinter their actions to avoid jurisdictional thresholds. <u>Id.</u> at 8.

6

7

8

9

10

11

12

13

14

15

16

17

18

Defendant has failed to establish a basis for federal subject matter jurisdiction. The removal statute is to be "strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand."  <u>Hofler v. Aetna U.S. Healthcare of California, Inc.</u>, 296 F.3d 764, 767 (9th Cir.2002).   These actions do not constitute "mass actions" under CAFA because each of these actions has been brought by less than 100 plaintiffs.  28 U.S.C. § 1332(d)(11)(B); <u>Tanoh v. AMVAC Chemical Corp.</u>, 2008 WL 4691004, at *5 (C.D. Cal. Oct. 21, 2008).  Nothing in CAFA suggests that plaintiffs, as masters of their complaint, may not "file multiple actions, each with fewer than 100 plaintiffs, to work within the confines of CAFA to keep their state-law claims in state court." <u>Tanoh</u>, 2008 WL 4691004 at *5.  Furthermore, "Congress expressly rejected the use of [defendants'] strategy by excluding actions in which claims have been 'joined upon motion of a defendant' from the definition of 'mass action.'" <u>Id.</u> (citing 28 U.S.C. §1332(11)(B)(ii)(II)).

19

20

21

22

23

24

25

The Sixth Circuit's holding in <u>Freeman</u> is distinguishable from the instant case. 2008 WL 5396249, at *1.  In <u>Freeman</u>, the plaintiffs divided their suit into five separate suits with identical parties and claims, each covering distinct, sequential six-month time periods.  <u>Id.</u>   By contrast, each of the cases at issue here involves distinct plaintiffs. Moreover, the Sixth Circuit explicitly noted that its "holding is limited to the situation where there is no colorable basis for dividing up the sought-for retrospective relief into <u>separate time periods</u>, other than to frustrate CAFA." <u>Id.</u> (emphasis added).

26

### C.    Judicial Estoppel

27

28

Plaintiffs argue that defendant is judicially estopped from arguing that this is a "mass action" under CAFA.  <u>Id.</u> at 13 (citing <u>Rissetto v. Plumbers & Steamfitters Local</u>

343, 94 F.3d 591, 603-604 ( 9th Cir. 1996)).  Plaintiffs contend that "[b]y insisting that CAFA applies to these cases, Dow necessarily claims these cases are to be tried 'jointly.'"  Plaintiffs argue that this position contradicts the position that defendants, including Dow Chemical, took in Abarca v. Dole Food Company, Inc. L.A. S.Ct. Case No. BC 322412, which also involved Central American banana farm workers who alleged injury as a result of occupational exposure to DBCP.  Mot. at 4.  In Abarca, defendants argued that

> this Court has ruled – and Defendants agree – that any DBCP trial
> should include only Plaintiffs who are similarly situated as to by
> whom they were employed; whether they were allegedly DBCP
> applicators or had other banana farm jobs; whether they claim sterility
> or some other injury; and whether they claim exposure to DBCP from
> overhead irrigation or from other methods of application.

Pl.'s Resp. to OSC, Ex. 1 at 23. Plaintiffs further argue that in Tellez, defendants, including Dow Chemical, argued that "[t]hirteen plaintiffs being tried at one time plainly creates almost certainty of jury confusion and thus chance of mistrial.  The only way to assure the jury will not confuse facts related to each plaintiff is to try their cases individually."  Pl.'s Resp. to OSC, Ex. 2 at 4.

Defendant responds that it is not judicially estopped from arguing that plaintiffs' claims "are proposed to be tried jointly" under CAFA because in Tellez, its requests for individual trials were denied.  Opp'n at 18.  Defendant further argues that a district court in the Middle District of Florida denied a motion for remand where the removing defendants had "the premeditated intent of contending that the case should be severed and each plaintiff's case should be tried individually."  Id. at 20 (quoting Cooper v. R.J. Reynolds Tobacco Co., 586 F. Supp. 2d 1312, 1318 (M.D. Fla. 2008)).

The Court concludes that defendant is not judicially estopped from arguing that plaintiffs' claims constitute a "mass action" under CAFA.  Defendant's representations in Tellez and Abarca do not preclude it from arguing before this Court that these cases

1
2
3
4
5

should be tried jointly.  See Arizona v. Shamrock Foods Co., 729 F.2d 1208, 1215 (9th Cir. 1983).  Furthermore, at least one federal court has held that removal under the "mass action" provision of CAFA "with the strategic intent to seek severance of plaintiffs' claims" has no effect on subject matter jurisdiction.  Cooper, 586 F. Supp. 2d at 1322.

6

## V.    CONCLUSION

7
8

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion to remand this case to Los Angeles County Superior Court.

9

10

IT IS SO ORDERED.

11

12

Dated: March 9, 2009                                    _____
                                                        CHRISTINA A. SNYDER

13                                                      UNITED STATES DISTRICT JUDGE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28